## Chas. Hensche v. The People.

*Effect of withdrawal of plea in Criminal Cases, for the purpose of making a motion to quash.* A party who had pleaded "not guilty" to an information for burglary, was allowed to withdraw his plea, for the purpose of making a motion to quash. The motion was overruled, and, without having again pleaded, the party was convicted after a trial on the merits.

*Held*, that the conviction was valid. If the defendant failed to plead over, it was the duty of the Court to enter a plea of not guilty for him, and the failure to enter it did not affect his rights, and was only a defect of form, which, under the statute — *Comp. L.* 6043 — will not authorize a reversal of the judgment.

*Heard July 9th. Decided July 11th.*

Error to Ontonagon Circuit.

Plaintiff in error pleaded not guilty to an information for burglary.

For the purpose of making a motion to quash, leave was granted to withdraw his plea of not guilty. The motion was overruled, and the trial proceeded. No formal renewal of

the plea was made. The jury found a verdict of guilty; and sentence was passed.

The principal error assigned was, that there was no plea or issue in the case.

The facts are stated in the opinion.

*A. W. Buel* and *G. V. N. Lothrop*, for plaintiff in error.

There was no plea or issue in the case, and the judgment was therefore a nullity. — 3 *Wis.* 820; 1 *Car. Law Repos.* 510.

A plea or answer to the information was requisite at common law, and as to proceedings upon arraignment and plea generally, see 1 *Chit. Cr. L.* 414; *Whart. Am. Cr. L.* 530; *Rosc. Cr. Ev.* 224; 1 *Arch. Cr. Pl. & Pr.* (*Wat. notes*) 350.

The whole theory of an American criminal trial and of the practice thereon supposes a plea in the case, and for all legal purposes an issue, though the old technical and formal joinder has been dispensed with.

The statutory provision — 2 *Comp. L.* § 6038 — directing that the court shall order a plea of not guilty to be entered when defendant refuses to plead, not only assumes there must be a plea, but requires it.

So held on a similar statute. — 1 *Ala.* 655.

*Wm. L. Stoughton*, Attorney General, for the People.

CHRISTIANCY J.

Plaintiff in error was arraigned upon an information charging him with the crime of burglary, to which he pleaded not guilty, as the record states, "without prejudice to his rights, and with leave to withdraw said plea."

On the same day the defendant made a motion (whether before or after the arraignment does not appear) to quash the information, for several reasons set forth in the motion. The court thereupon adjourned until the next day, when

the defendant was allowed to withdraw his plea; and the motion to quash was taken up, and, after argument, denied, and the cause was ordered to proceed. A motion was then made by the defendant for a continuance, and an affidavit in support of the motion was read and filed. The defendant's counsel and the prosecuting attorney were heard upon this motion, and, after argument, the motion was denied.

A jury was then called and sworn in the cause, to which no objection appears to have been made; and the court thereupon adjourned till the next day, when, as the record states, "the jury, after having heard the proofs and allegations of the parties, the argument of counsel, and the charge of the court, retired from the bar thereof, under charge of Duncan Ross, an officer of the court, duly sworn for that purpose, to consider of their verdict to be given; and, after being absent for a time, returned into court, and say, upon their oath, that they find the said Charles Hensche guilty in manner and form as the people have in their information in this cause, charged." The court thereupon adjourned till the next day, when a motion was made by defendant to set aside the verdict and for a new trial, on five distinct grounds, but making no objection on the ground that defendant had not pleaded to the information, or that no plea was entered.

The record does not show what action was had upon this motion; and, on the same day, a motion was made by defendant in arrest of judgment, for several reasons going to the propriety of the information and the prosecuting attorney's right to file it, and also "because the trial was had, and the verdict of the jury thereon was rendered, upon no plea of the prisoner, or issue in the case; but without any plea and without any issue."

The record does not inform us of the action taken upon this motion, except by the inference of its denial to be drawn from the entry of the judgment, or sentence by the Court, on the same day.

HENSCHE v. THE PEOPLE.

From the facts appearing upon the record, the substance of which is above stated, we think it evident that the defendant, the prosecuting attorney and the Court, treated the withdrawal of the plea as merely temporary, for the purpose only of allowing his motion for quashing the information to be heard. And when that motion was disposed of, the Court and the parties considered and treated the plea as again restored and standing in full force.

The trial appears to have been had, in all respects, in the same manner, as if the plea had been again entered, or as if no motion to quash had been made, and the plea had stood as when originally interposed. And we think it entirely clear, from the record, that the defendant has had the same full benefit of the plea as if it had been again formally entered.

To make the proceedings regular *in form*, however, the defendant should again have put in his plea of not guilty, or, neglecting to do so, as he did not "confess the information to be true," the Court should, under the statute — *Comp. L.* § 6038 — have ordered the plea of not guilty to be entered for him.

The object of this statute was to give to a defendant the benefits of a plea of not guilty, though he should refuse or fail to plead; an object which has been fully accomplished in the present case, though the plea was not again formally entered. And the Court might, when the objection was first raised, or at any subsequent time, order the plea to be entered *nunc pro tunc*. Under the facts of this case it was a matter purely formal, and cured by § 6043 *Comp. L.* which provides that "No indictment shall be quashed or deemed invalid, nor shall the trial, judgment *or other proceedings* thereon be affected," by reason of any defect or imperfection in matters of form which shall not tend to the prejudice of the defendant.

There is no error in the record, and the judgment of the Circuit Court must be affirmed.

Cooley and Campbell JJ. concurred.

Martin Ch. J. did not sit in this case.