## TERRITORY OF HAWAII v. WONG TIM.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED JANUARY 9, 1905.  DECIDED JANUARY 27, 1905.

FREAR, C.J., HARTWELL AND HATCH, JJ.

PRACTICE—*conditional withdrawal of plea of not guilty in order to file plea in abatement.*

The defendant, January 19, had been arraigned and had pleaded not guilty to an indictment charging him with gross cheat. February 3 his attorney moved for leave to withdraw the plea in order to file a plea in abatement, stipulating that if the plea in abatement should be overruled he would be "ready immediately to go to trial upon the merits of this cause." Upon

the overruling of the plea in abatement the case went to trial,
defendant's attorney making no objection, and the case was tried
on the theory that the defendant had pleaded not guilty. Held:
That under the stipulation and in conformity with the plain under-
standing of the court and the parties the plea of not guilty was
re-instated.

ID.—*instructions given for defendant with the remark of the judge that*
*he gave them "but not as the law of this country."*

The defendant asked for four instructions, of which the trial
judge remarked to the jury, "The defendant has asked me to give
you certain instructions which I shall give, but not as the law of
this country." Held: That the instructions which were given with
this ungracious and inappropriate remark were inapplicable to the
facts of the case and therefore ought not to have been given at all;
but the jury might have inferred from the remark that the law
was directly the other way and that a verdict of guilty would be
proper based upon a broken promise to pay, and therefore that a
new trial should be ordered.


OPINION OF THE COURT BY HARTWELL, J.


The defendant was indicted and found guilty on a charge of
gross cheat. Neither the indictment nor a copy of it appears
in the papers filed with the bill of exceptions. The report of
the testimony, however, shows that the alleged gross cheat con-
sisted in the defendant borrowing of one Yee Leong $150, giv-
ing his promissory note therefor upon his assurance to the lender
that he (the defendant) owned a building which he was going
to sell, and from the proceeds of which he told the lender that he
would repay the loan. The building was sold and the money
was not paid. The defendant did not own the building, having
already sold it. The first exception relied on is that the court
proceeded to trial without taking defendant's plea. The defend-
ant was arraigned at the January, 1903, Term of the court. A
plea to the jurisdiction was filed and overruled. Then a plea
of not guilty was entered January 19. February 3 defendant's
attorney moved for leave to withdraw the plea in order to file a
plea in abatement, the defendant's attorney making an affidavit
that the defendant had pleaded not guilty without his (the attor-

ney's) knowledge or advice, and stipulating in his affidavit that if the plea in abatement should be overruled he would be "ready immediately to go to trial upon the merits of this cause." Thereupon the plea in abatement was filed, argued and overruled. The case was then tried February 16, defendant's attorney going to trial without objection, raising no question that the defendant had not pleaded, and the case was tried on the theory, that the defendant had pleaded not guilty. The second exception relied on is that the court gave to the jury certain instructions requested by the defendant, remarking, "The defendant has asked me to give you certain instructions which I shall give, but not as the law of this country." The instructions were as follows:

"1st. If you find from the evidence that Yee Leong advanced the money to the defendant with the understanding that the money was to be repaid out of a certain fund and that Yee Leong relied solely on that representation, then you must acquit the defendant.

"2nd. The promises of future payment of a present loan cannot form the basis of a charge of gross cheat.

"3rd. The false representations amounting to mere promises, though they induced the defrauded party to part with his property, are not false pretenses for they have referred to future events.

"4th. If you find from the evidence that Yee Leong loaned money to the defendant and took a note therefor, relying upon the general ability of the defendant to pay the amount of the note, and did not rely upon the securities of the house and lease in question, then your verdict will be of acquittal."

The first exception is overruled. It is evident that all concerned regarded the plea of guilty as withdrawn solely for the purpose of presenting the plea in abatement, and went to trial on the understanding that the plea of guilty was re-instated on the denial of the motion of the plea in abatement. "It would be sacrificing substance to form not to give effect to the transaction according to the plain understanding of the court and the parties." *People v. Bradner,* 107 N. Y. 1. "This stipulation reinstates the plea of not guilty, and the trial was regular."

*Morton v. People,* 47 Ill. 468. "The defendant has had the full benefit of the plea as if it had been again formally entered." *Hensche v. People,* 16 Mich. 46.

The second exception must be sustained. We think that the instructions which were requested were inapplicable to the facts of the case and therefore ought not to have been given, but the giving of them with the ungracious and inappropriate remark that they were not given "as the law of this country" might well have had a very different effect upon the jury from merely declining to give them. The jury might have inferred from that remark that the law was directly the other way and that a verdict of guilty would be proper whether based upon the broken promise to pay or the false pretense that he owned the building. The evidence that the defendant obtained the money after promising to repay it would not have justified a verdict of guilty, and yet the effect of the judge's remark might have been to lead the jury to understand that a verdict on that ground would be correct.

The exceptions are sustained and a new trial is ordered.

*W. S. Fleming, Assistant Attorney General,* for the Territory.

*Thayer & Hemenway* for defendant.