THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in. Error, *vs.* FLORIAN AFTON, Plaintiff in Error.

*Opinion filed April 19, 1913.*

1. CRIMINAL LAW—*when accused cannot be said to have been tried without a plea.* Where the accused obtains leave to withdraw his plea of not guilty for the purpose of making a motion to quash the indictment, and, after the overruling of the motion to quash, the trial proceeds without any objection by the accused that his plea was not renewed, the overruling of the motion to quash will be regarded as having re-instated the plea.

2. SAME—*jury must fix term of imprisonment for incest.* As section 156 of the Criminal Code, regarding incest, fails to specify any minimum term of imprisonment the jury must definitely fix such term, and the court is without power to impose an indeterminate sentence under the Parole law, as such law requires the punishment to be not less than one year nor more than the maximum term fixed by law. (*People* v. *Hartsig,* 249 Ill. 348, followed.)

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding.

ROBERT D. MELICK, and BENJAMIN STAUNTON, for plaintiff in error.

P. J. LUCEY, Attorney General, GUST. E. JOHNSON, State's Attorney, and ARTHUR R. ROY, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error was tried and convicted in the circuit court of Winnebago county for the crime of incest with his daughter. There is no bill of exceptions in the record.

The record shows the return of the indictment into court by the grand jury against plaintiff in error and that he was arraigned and entered a plea of not guilty. Subsequently, by leave of court he withdrew the plea and entered a motion to quash the indictment. The motion was overruled but the record fails to show the renewal of the plea. A trial was had, resulting in a disagreement of the jury, and the case was again tried at a subsequent term of the court, resulting in the conviction of plaintiff in error of the crime charged in the indictment. Motions for a new trial and in arrest of judgment were overruled and judgment rendered on the verdict sentencing plaintiff in error to confinement in the penitentiary at Joliet.

The first ground relied upon for reversal is, that there was no plea to the indictment, or issue formed upon which a valid trial could be had; that the withdrawal of the plea for the purpose of moving to quash the indictment left the case in the same condition it would have been in if no plea had ever been entered, and that before there could be any valid trial, conviction and judgment it was necessary that plaintiff in error re-enter his plea to the indictment. This precise question has not been passed upon in this State but it has been in other States, and the weight of authority, and we think the better reason, is contrary to the contention of plaintiff in error. The nearest case in point in this State is *Morton* v. *People*, 47 Ill. 468. In that case, after plea had been entered it was withdrawn for the purpose of permitting a motion to be made to quash the indictment, "with the express stipulation if overruled the trial should proceed." The court held the stipulation re-instated the plea and that there was no error in proceeding with the trial without it being formally re-entered. Nothing is said or intimated as to what would have been the effect of the withdrawal of the plea if there had been no stipulation. The stipulation was not that the plea should be considered as re-entered, but that if the motion to quash was overruled

the trial should proceed. The record in this case shows plaintiff in error asked and obtained leave of the court to withdraw his plea of not guilty for the purpose of entering a motion to quash the indictment. When the motion was overruled the trial proceeded without any objection on the part of plaintiff in error, and we think it apparent that plaintiff in error, the State's attorney and the court considered and treated the overruling of the motion to quash as a re-instatement of the plea.

In *People* v. *Bradner,* 107 N. Y. 1, (13 N. E. Rep. 87,) defendant was arraigned and pleaded not guilty. Subsequently, by leave of court he withdrew his plea and moved the court to dismiss the indictment. The motion was denied, defendant was tried, convicted and sentenced. The record did not show the plea of not guilty was renewed. The court said: "The plea was withdrawn for the special purpose of the motion to dismiss, and when the motion was denied the trial proceeded. It is a just inference that all parties regarded the plea as having been withdrawn for the purpose of the motion, only, and proceeded to trial on the understanding that it was re-instated when the motion was denied.   *   *   *   It would be sacrificing substance to form not to give effect to the transaction according to the plain understanding of the court and the parties." The same question was presented and decided the same way in the following cases: *Hensche* v. *People,* 16 Mich. 46; *O'Hara* v. *United States,* (C. C. A.) 129 Fed. Rep. 556; *Gormley* v. *State,* 37 Ohio St. 120; *Arbuckle* v. *State,* 80 Miss. 15; *Burley* v. *State,* 1 Neb. 385.

It is next contended the court erred in rendering judgment on the verdict and sentencing plaintiff in error to confinement in the penitentiary for an indeterminate term of not less than one year nor more than twenty years. The verdict of the jury found plaintiff in error guilty of incest in manner and form as charged in the indictment but did not fix the punishment. The court fixed the punishment at

imprisonment in the penitentiary "not less than the minimum term nor to exceed the maximum term for the crime for which the said defendant was herein convicted and sentenced, to-wit, not less than one year nor more than twenty years." The section of the statute under which plaintiff in error was indicted and convicted is section 156 of the Criminal Code, and reads: "If a father shall rudely and licentiously cohabit with his own daughter, the father shall be imprisoned in the penitentiary for a term not exceeding twenty years." It will be seen this statute does not fix a minimum term of imprisonment but simply fixes the maximum term. The punishment for the violation of section 156 may be for any period of time not exceeding twenty years. As no minimum time is fixed by the statute the period of imprisonment might be less than one year. In such case the Indeterminate Sentence act is not applicable, for that act requires the imprisonment to be not less than one year nor to exceed the maximum term provided by law. This question was decided by this court in *People* v. *Hartsig,* 249 Ill. 348, and it was there held that where the minimum term of imprisonment might be for a term less than a year the term of the imprisonment should be fixed definitely, and that the court was not authorized to fix the period of imprisonment under the Parol law or Indeterminate Sentence act, as that act did not authorize a judgment for imprisonment for a term less than one year. In that case the judgment was rendered on a plea of guilty, but if it was the duty of the court to fix the period of imprisonment at a definite term, it was the duty of the jury in this case, by their verdict, to fix the punishment of the plaintiff in error.

For this error the judgment is reversed and the cause remanded.                    *Reversed and remanded.*