# The People of the State of Illinois, Defendant in Error, v. Ralph Armond, Plaintiff in Error.

## Gen. No. 17,142.

1. PANDERING—*when information sufficient.* If an information state the offense of pandering substantially in the terms and language of Hurd's Statutes of 1909, ch. 38, sec. 57z, defining the offense, or so plainly that the nature of the offense may be easily understood and the defendant be apprised with reasonable certainty of the offense he is called upon to meet, it is sufficient.

2. PANDERING—*use of masculine pronoun erroneously.* An information, and the affidavit thereto under Hurd's Statutes, 1909, ch. 38, sec. 57g. cl. 4, for pandering, erroneously using a masculine pronoun referring to the informant and charging that the informant was unlawfully induced to remain in a house of prostitution, is not insufficient, particularly where the record shows that the court, before directing the filing of the information, saw the informant.

3. PANDERING—*objection to an information cannot be first made on review.* Where a masculine pronoun is erroneously used in an affidavit to an information for pandering, apparently by the inadvertence of the clerk who administered the oath, it is too late on writ of error to complain if the defect is not called to the attention of the trial court.

4. PANDERING—*when information sufficiently complies with Municipal Court Act.* An information for pandering signed by the informant, verified by an affidavit, that the informant is a resident of the city and has read the information by the informant subscribed and that the same is true, sufficiently complies in such respects with the Municipal Court Act for Chicago, sec. 27.

Appeal from the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in the Branch Appellate Court, at the October term, 1911. Affirmed. Opinion filed October 3, 1912.

J. GRAY LUCAS, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

Ralph Armond, plaintiff in error, was found guilty

upon the information of Goldie Norton, verified by affidavit, charging him with the offense of pandering, and, on April 8, 1910, in the Municipal Court of Chicago, he was sentenced on the finding to confinement in the house of correction for a term of six months and to pay a fine of $300, and costs. This writ of error is prosecuted to reverse the judgment. No bill of exceptions is found in the transcript of the record.

It appears from an order of the court, entered March 3, 1910, that said Goldie Norton presented the information and asked leave to file the same; that the judge, "having examined the information and the person presenting the same and having heard evidence thereon and being satisfied that there was probable cause for filing the same, and having so endorsed the same," ordered that the same be filed *instanter,* that a *capias* against said Armond be issued forthwith and that he be held to bail. It further appears that Armond was arrested, and, failing to give bail, was committed to jail; that, upon being arraigned, he pleaded not guilty; that he filed a waiver in writing of a trial by jury; that his trial was several times postponed with his consent, and that the sufficiency of the information was not at any time or in any manner challenged by him in the trial court.

The sole ground for reversal, relied upon by counsel for plaintiff in error, is the alleged insufficiency of the information to sustain the judgment. The information filed is as follows:

"Goldie Norton, a resident of the City of Chicago, in the State aforesaid, in *his* own proper person, comes now here into court, and in the name and by the authority of The People of the State of Illinois, gives the Court to be further informed and understand that Ralph Armond, late of the said City of Chicago, heretofore, to-wit: on the Twenty-eighth day of February, A. D. 1910, at the City of Chicago, aforesaid, did then and there unlawfully and wrongfully by promises, threats and violence induce, persuade and encourage

this informant, Goldie Norton, then and there an inmate of a house of prostitution to remain therein as an inmate of said house of prostitution in said City of Chicago in Cook County, Illinois, contrary to the form of the Statute in such case made and provided, and against the Peace and Dignity of The People of the State of Illinois.

GOLDIE NORTON.

STATE OF ILLINOIS, ⎫
COUNTY OF COOK, ⎬ ss.
CITY OF CHICAGO. ⎭

Goldie Norton, being first duly sworn, on —— oath, deposes and says that *he* is a resident of the City of Chicago; that —— has read the foregoing information by *him* subscribed and that the same is true.

GOLDIE NORTON.

Subscribed and sworn to before me this 3rd day of March, A. D. 1910.

HOMER K. GALPIN,<br>Clerk of The Municipal Court of Chicago.''

Section 57g, of chapter 38, Hurd's Statutes, 1909, defining the offense of pandering, reads in part as follows:

''Any person who shall procure a female inmate for a house of prostitution, or  *  *  *  or  *  *  *, or any person who shall, by promises, threats, violence or by any device or scheme, cause, induce, persuade or encourage an inmate of a house of prostitution to remain therein as such inmate, or  *  *  *,  shall be guilty of pandering,'' etc.

It will be noticed that the language of the charging part of said information is practically the same as the language of the fourth clause, or subdivision, of said statute. If the information states the offense substantially in the terms and language of the statute, or so plainly that the nature of the offense may be easily understood and the defendant be apprised with reasonable certainty of the offense he is called upon to meet, it is sufficient. (See People v. Greenburg, *ante,* p. 360.)

But it is claimed by counsel that it does not appear from the information that Goldie Norton is a female person, that the language in the information, "in *his* own proper person," and of the affidavit, in the use of the words "he" and "him", suggests that plaintiff in error induced, persuaded, etc., a male person, an inmate of a house of prostitution, to remain there, and that, therefore, the information is fatally defective. We cannot agree with counsel. In the fourth clause, or subdivision, of said statute the word "female" does not appear, but the offense there defined is inducing, persuading an "inmate" of such a house to remain there, and the information sufficiently charges that Goldie Norton was such an inmate. And the record shows that the court, before directing the filing of the information, saw Goldie Norton. Furthermore, the defect or mistake in the affidavit, which seems to be a mere inadvertence of the clerk who administered the oath, was not called to the attention of the trial court by motion to quash or in any manner. If it had been, the affidavit could have been amended. Truitt v. People, 88 Ill. 518. And it is too late on writ of error to complain of such a defect or mistake. People v. Greenburg, *supra.* It sufficiently appears that the information was signed by the person presenting the same, and that the information was verified by the affidavit of such person, as required by section 27 of the Municipal Court Act.

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*