ROSS TRUITT

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*what record of conviction of misdemeanor should show.* It is not necessary that, in records of convictions on prosecutions before justices of the peace, there should be that technical precision required in records of convictions on prosecutions originating in the circuit court; still, there should be enough to show with reasonable certainty that that of which the party is convicted is an offense under the law, and one of which a justice of the peace has jurisdiction.

2. ARREST OF JUDGMENT—*when conviction is for no offense over which the court has jurisdiction.* In a prosecution before a justice of the peace, where the affidavit charges the defendant with "keeping a common gaming table without a license for the same," and the warrant recites the charge as stated in the affidavit, and the defendant is convicted, and appeals to the circuit court, and upon trial there, the verdict of the jury is, that he is guilty as charged in the indictment, and it does not appear that the defendant was tried upon any other charge than that named in the affidavit, judgment should be arrested, as no criminal offense is charged over which a justice of the peace has jurisdiction.

3. AMENDMENT—*in prosecution commenced by affidavit.* In all prosecutions commenced by affidavit before justices of the peace, the affidavit is amendable.

WRIT OF ERROR to the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. JOHN G. HENDERSON, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The questions brought before us by this record arise on the refusal of the court below to arrest the judgment. No bill of exceptions was filed, and we are, therefore, to assume that the evidence sustained the verdict of the jury as rendered.

An affidavit was filed before a justice of the peace, charging plaintiff in error with "keeping a common gaming table without a license for the same." A warrant was issued, reciting that this charge had been made, upon which plaintiff in error was arrested. Trial was had before the justice of the peace, resulting adversely to plaintiff in error, and he took the case by appeal to the circuit court, where a judgment, with the like result, was also rendered. The verdict of the jury was: "We find the defendant guilty as charged in the indictment."

There is nothing in any part of the record before us showing that the trial and conviction of plaintiff in error were for any other offense than that charged in the affidavit. That the affidavit might have been amended, we have no doubt. It

was in the nature of an information, which, at common law, was always held amendable.

In *Rex* v. *Wilkes*, 4 Burrow, 320, (2527,) Lord MANSFIELD said: "There is a great difference between amending *indictments* and amending *informations*. Indictments are found upon the oaths of a jury, and ought only to be amended by themselves; but informations are as declarations in the King's suit. An officer of the Crown has the right of framing them originally, and may, with leave, amend in like manner as any plaintiff may do. If the amendment can give occasion to a *new defense*, the defendant has leave to change his plea; if it can make no alteration as to the defense, he does not want it."

This principle is equally applicable, obviously, to all prosecutions commenced by affidavit. It is in consonance with the spirit of modern legislation in regard to practice, and we are unable to conceive of a single substantial reason why amendments should not be allowed to affidavits upon which criminal prosecutions before justices of the peace are predicated.

But the difficulty here is, the affidavit was not amended. It is clear that it charges no criminal offense over which a justice of the peace has jurisdiction. "Whoever keeps, or suffers to be kept, any tables or other apparatus for the purpose of playing at any game or sport *for money or any other valuable thing*," may be punished, on conviction before a justice of the peace; but it is no offense to keep a table for gaming, when the gaming is not "for money or any other valuable thing."

It may be, if the record disclosed plaintiff in error was actually tried and convicted for the statutory offense, we should hold the insufficiency of the affidavit of no consequence. As to this, however, it is unnecessary to express any opinion, for the verdict of the jury finds "the defendant guilty as charged in the indictment"—evidently referring to the affidavit, since there was no indictment, and no other charge alleged against the plaintiff in error than that alleged in the affidavit; and it does not otherwise appear for what plaintiff in error was tried and convicted.

It is not required that, in records of this character, there should be that technical precision required in records of conviction on prosecutions originating in the circuit court; still, there should be enough to show with reasonable certainty that that of which the party is convicted · is an offense under the law, and one of which a justice of the peace has jurisdiction. *Torrey* v. *The People,* 17 Ill. 105.

The judgment is reversed and the cause remanded.

*Judgment reversed.*