THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* N. K. ZLOTNICKI, Plaintiff in Error.

*Opinion filed October 28, 1910.*

1. CRIMINAL LAW—*a sufficient information is essential to a conviction.* Under section 27 of the Municipal Court act an information presented by a person other than the State's attorney must be verified by such person's affidavit, and it is essential to a conviction that the record contain a sufficient information.

2. SAME—*verification of original information does not extend to amended one.* If the original information charging a libel is insufficient because the libelous matter, or any part of it, is not set out, the filing of an amended information setting out such matter is an abandonment of the original information, and if the amended information is not sworn to by the complaining witness it is insufficient to sustain a conviction, notwithstanding the original information was so verified.

3. SAME—*an exception is unnecessary to preserve what appears of record.* If it appears from the record that the information upon which a conviction for libel was based is wholly insufficient and that the motion to quash, interposed by the defendant, should have been sustained, it is not necessary for the record to show that an exception was taken to the overruling of the motion.

4. SAME—*when objection will be presumed to have been made on motion to quash.* An objection to the sufficiency of the information, which objection, and apparently no other, existed when a motion to quash was made and which was within the scope of the motion, will be presumed to have been urged, in the absence of anything showing the contrary.

5. SAME—*defendant, though guilty, is entitled to a trial according to law of land.* A defendant is entitled to a trial in the form prescribed by the constitution and the statutes regardless of the question of his guilt or innocence, and if the record is not legally sufficient to sustain his conviction the judgment must be reversed even though he may be guilty.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. FRANK P. SADLER, Judge, presiding.

STEDMAN & SOELKE, for plaintiff in error.

W. H. Stead, Attorney General, and John E. W. Wayman, State's Attorney, (D. G. Thompson, and William Prentiss, of counsel,) for the People.

Mr. Justice Dunn delivered the opinion of the court:

The plaintiff in error was convicted in the municipal court of Chicago upon an amended information charging him with publishing a libel, and the conviction was affirmed by the Appellate Court. The original information was wholly insufficient to charge an offense because it did not set out the writing published or any part of it. It was presented and sworn to by the prosecuting witness, Kasimir Motykowski. A motion having been made to quash the information, the State's attorney obtained leave to file an amended information. Thereupon Motykowski presented an amended information, setting out the writing complained of in full. This amended information was signed by Motykowski but was not sworn to by him or any person. A motion to quash the amended information was overruled.

The basis of the conviction is the amended information. When it was filed the original was abandoned. Section 27 of the Municipal Court act requires an information presented by a person other than the State's attorney to be verified by such person's affidavit. The verification of the original information cannot be applied to the amended information. The original information merely averred that the plaintiff in error had published a libel concerning the complaining witness, without a suggestion, even, as to the character of the libelous charge. The verification of such a statement could not, of course, extend to the specific writing set out in the amended information. The plaintiff in error was not bound by law to answer a charge so presented unless verified by the affidavit of the person presenting it, and the motion to quash the amended information should have been sustained.

It is insisted that the record does not show that the plaintiff in error objected to the action of the court in overruling his motion to quash. It is essential to sustain a conviction that the record contain a sufficient information,—one which the defendant is bound to answer. It appears on the face of the record that this information is presented by another than the State's attorney and is not verified by affidavit. An exception is unnecessary to present what already appears of record.

It is also insisted that the record does not show what objections were raised on the motion to quash the amended information. The objection now raised existed when the motion was made and apparently no other. It was within the scope of the motion to quash. The plaintiff in error had a right to rely on it, and in the absence of any showing to the contrary we must presume that he did so. *Wallner v. Chicago Traction Co.* 245 Ill. 148.

It is said that the libelous publication was very serious and malicious and the plaintiff in error clearly guilty. The same statement might be made if the charge had been presented orally in court or if the case had been tried upon the original information, which is conceded to have been entirely insufficient. The endorsement of an indictment by the foreman of the grand jury or its conclusion against the peace and dignity of the people does not affect the guilt or innocence of the accused but does affect the validity of his conviction. A defendant is entitled to a trial according to the law of the land. When the constitution or statute has prescribed a form of proceeding it must be observed.

The judgment of the Appellate Court and of the municipal court of Chicago will be reversed and the cause remanded to the municipal court.

*Reversed and remanded.*