### The People of the State of Illinois, Defendant in Error, v. Frank Wancoski, Plaintiff in Error.

### Gen. No. 6,489.

1. CRIMINAL LAW—*when plea of not guilty stands to amended count of information.* Where, after defendant had pleaded not guilty to an information charging him with violation of the anti-saloon law, the count was amended by striking out the word "brick" and inserting the word "frame" in describing the building, to which amended count no plea was filed, *held* that the defendant had the right to plead anew to the amended count, but, if he did not, the original plea stood to the amended count.

2. INTOXICATING LIQUORS, § 122*—*when building in which offense is committed is sufficiently described in information.* The word "brick" used in an information in describing the building in which a charged violation of the anti-saloon law occurred was unnecessary to the description and could have been stricken out without inserting the word "frame" as an amendment.

3. INTOXICATING LIQUORS, § 151*—*when evidence sustains conviction for illegal sale in anti-saloon territory.* Evidence *held* sufficient to warrant a verdict of guilty, in a prosecution for the illegal sale of intoxicating liquor in anti-saloon territory.

Error to the County Court of Lake county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed February 12, 1918.

MAX PRZYBORSKI and GEORGE W. FIELD, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JAMES G. WELCH, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

Frank Wancoski was convicted in the County Court below on the first and thirty-first counts of an information charging him with the unlawful selling of intoxicating liquor in anti-saloon territory, and was sentenced to pay a fine of $100 under each of said counts and to imprisonment in the county jail for 20 days under each count, and brings that conviction in review, upon this writ of error. The thirty-first count was a nuisance count and described the premises as a certain room on the first floor of a certain one-story brick building, located at 1208 South Indiana avenue in the City of North Chicago. After defendant had pleaded not guilty, the State, by leave of court, amended said count by striking out the word "brick" in the description of said building and inserting the word "frame." This was done shortly after the trial began and after a plea of not guilty had been interposed. Defendant did not plead to the count as amended. The principal contention of defendant here is that it was error to try defendant without a plea of not guilty interposed after such amendment.

In *Truitt v. People,* 88 Ill. 518, quoting from Lord Mansfield, it is said that there is a great difference between amending indictments and amending informations; that informations are as declarations in the King's suit, and by leave of court the officer of the Crown may amend in like manner as any plaintiff may; and "If the amendment can give occasion to a new defense, the defendant has leave to change his plea; if it can make no alteration as to the defense, he does not want it." This was approved in *Long v. People,* 135 Ill. 435, where an information was treated as a declaration in the King's suit and amendable as such. If this is to be tested by the rules governing

pleadings in common-law actions, then while defendant had a right to plead after the amendment, if he desired, yet, if he did not do so, his former plea, capable of answering the information as amended, still stood.   In *Wright v. Hollingsworth's Lessee*, 1 Pet. (U. S.) 165, the practice on that subject is thus stated.

"The authorities cited by the learned counsel do not, we think, support his last position, that the judgment is erroneous because a plea was not filed to the new count.   They prove, unquestionably, that, upon the amendment being made to the declaration by adding a count, the defendants had a right to plead *de novo;* they prove nothing more.   They do not show that the defendants in such cases must necessarily plead *de novo,* or that judgment may be entered by default for want of a plea to the new count, if, before the amendment, he has pleaded the general issue.   We think the practice is well settled to the contrary.   The defendant has a right, if he will, to withdraw his former plea, and plead anew either the general issue or any further or other pleas which his case may require; but he may, if he will, abide by his plea already pleaded, and waive his right of pleading *de novo.*   His failure to plead and going to trial without objection are held to be a waiver of his right to plead, and an election to abide by his plea; and if it, in terms, purports to go to the whole action, as is the case in this instance, it is deemed sufficient to cover the whole declaration, and puts the plaintiff to the proof of his case on the new as well as on the old counts."   This rule was recognized in *Milwaukee Mechanics' Ins. Co. v. Schallman,* 188 Ill. 213, as follows: "The plea of the general issue had already been filed by the appellant, and this plea was sufficient after the declaration was amended, in the respect above mentioned.   Any defense, which could have been made to the declaration as amended, could have been presented under the plea of general issue which was already filed."   We applied this rule

of practice in *Dubois v. Robbins,* 115 Ill. App. 372, in the following language: "If there be an original declaration and a plea thereto, and afterwards a new count be filed, while the defendant may plead anew thereto, yet on the other hand he may waive his right to plead *de novo,* and may abide by his plea already filed, if it is sufficient to constitute an answer to the additional count. In such case, if he fails to plead to the additional count, and goes to trial without objection, he is held to have waived his right to plead anew to the additional count and to have elected to abide by the plea already filed, and the plaintiff is put to the proof of his case on the new as well as on the original counts." In *Morton v. People,* 47 Ill. 468, where a plea had been withdrawn to permit a motion to quash, with the stipulation that, if overruled, the trial should proceed, and the motion to quash was overruled and the trial proceeded without a plea of not guilty being re-entered, it was held that the effect of the stipulation was to reinstate the plea. In *People v. Afton,* 258 Ill. 292, a felony, where defendant withdrew his plea of not guilty to move to quash, and that was overruled and the plea was not renewed, but there was no such stipulation as in the *Morton* case, *supra,* it was held that as defendant did not object, it was to be considered as if the plea had been reinstated by the overruling of the motion to quash. The court there cites with approval from a New York case, holding that it would be sacrificing substance to form not to hold that the trial had proceeded on the understanding that the plea was reinstated when the motion to quash was denied. Here the word "brick" was an unnecessary part of the description of the building and could have been stricken out without inserting the word "frame." We do not doubt that the parties proceeded with the understanding that the plea of not guilty previously entered still stood. We hold the rule as to

The People v. Wancoski, 209 Ill. App. 47.

civil pleading applies and that the cause was still at issue when the trial proceeded.

It is argued that the evidence did not justify the verdict of guilty. There was positive proof by two witnesses of the obtaining of whisky and lager beer at defendant's place. There were more witnesses who testified to the contrary. There was proof that defendant then had in force a special stamp tax, issued by the Federal Government, authorizing him to conduct the business of retail liquor dealer at that place, for which he had paid $25. The jury and the trial judge saw the witnesses and could judge better than we which were worthy of belief. Defendant made an explanation of why he took out a government license, which involved the confession that the government agents found beer upon his premises. It was for the jury to say whether they believed the explanation. We would not be warranted in disturbing the conclusion which they reached and which the trial judge approved. Judgment affirmed.

*Affirmed.*