(No. 13779.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MAX FENSKY, Plaintiff in Error.

*Opinion filed April 21, 1921.*

1. STATUTES—*whatever is excluded in a revision is discarded.* A statute which indicates an intention of the legislature to make a revision of the whole subject matter is, in effect, a declaration that whatever is embraced in the new act shall prevail and whatever is excluded is discarded.

2. SAME—*title of act may be restricted by language used in body of the statute.* However general the title of an act, its scope may be restricted by the language used in the body of the act, and while the title must be regarded as a part of the statute and considered in its interpretation, the legislative intention must be found expressed in or implied from the words used in the body of the act in connection with the title.

3. CRIMINAL LAW—*information may be amended notwithstanding the wording of the Statute of Amendments.* The language of section 11 of the Statute of Amendments and Jeofails excluding from the provisions of the act "any indictment or presentment for any criminal matter or process upon the same, or any information," leaves the law as it previously existed, and the court may, by virtue of the common law, permit an information to be amended on a motion to quash.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the County Court of DuPage county; the Hon. FRANK E. SHOPEN, Judge, presiding.

CHARLES E. ERBSTEIN, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, CHARLES W. HADLEY, State's Attorney, and JAMES B. SEARCY, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Max Fensky was convicted in the county court of Du-Page county on each of the twelve counts of an amended information which charged that not having a license to keep a dram-shop he sold intoxicating liquor outside of the incorporated limits of any city, town or village in less quantity than five gallons and not in the original package. He sued out a writ of error from the Supreme Court, but the court transferred the cause to the Appellate Court for the Second District on the ground that no constitutional question was involved and this court was therefore without jurisdiction to entertain the writ of error, as the offense charged was a misdemeanor. (*People* v. *Fensky,* 290 Ill. 612.) The Appellate Court on consideration of the cause affirmed the judgment, and the defendant has sued out a writ of error to the Appellate Court.

The errors for which the plaintiff in error asks for a reversal are, that the county court erred in denying his motion to quash the original information and overruling his general and special demurrer to it, and in allowing the State's attorney to amend the information.

Whether the motion to quash the original information or the demurrer to it should have been sustained is immaterial because the information was afterwards amended by leave of the court, and if the court had power to allow the amendment, the original information was disposed of and the subsequent proceedings were not dependent upon it. No motion to quash the amended information and no demurrer to it was filed, but the counsel for the plaintiff in error took the position that the amended information was a nullity, that there was no information before the court to which the defendant could be required to

plead, and the defendant therefore declined to enter any plea. The court thereupon directed the entry of a plea of not guilty and the cause was tried before a jury.

The original information was verified upon information and belief and the amended information was not sworn to. The plaintiff in error has argued the proposition that a prosecution based upon an information verified upon information and belief is a violation of section 6 of the bill of rights. The record shows, however, that no objection was made either to the original or amended information on the ground that the verification was insufficient but that the motion to quash and the demurrer were based upon other reasons. It was therefore held on the former writ of error that the constitutional question was waived by a failure to raise it in the trial court, and for that reason the cause was transferred to the Appellate Court. The only question, therefore, now to be decided is whether the information could be amended.

The common law permitted informations to be amended. (*Truitt* v. *People,* 88 Ill. 518; *Long* v. *People,* 135 id. 435.) Counsel for the plaintiff in error, however, insists that the common law has been changed by the Statute of Amendments and Jeofails. It is argued that the statute is a revision of the whole subject of amendments and evinces an intention of the legislature to establish a uniform rule which shall be a substitute for the law on the subject theretofore existing and that the statute operates as a repeal of the former law. It is a recognized rule of statutory construction that a statute which indicates an intention of the legislature to make a revision of the whole subject matter is, in effect, a declaration that whatever is embraced in the new act shall prevail and whatever is excluded is discarded. (*People* v. *Town of Thornton,* 186 Ill. 162; *State Board of Health* v. *Ross,* 191 id. 87.) The title of the act is, "An act to revise the law in relation to amendments and jeofails." This title is broad enough to

cover the subject of amendments in every kind of proceeding. Section 9 provides: "The provisions of this act shall extend to all actions in courts of law or chancery, and to all suits for the recovery of any debt due to the State, or for any duty or revenue thereto belonging; to all actions for penalties and forfeitures; to all writs of *mandamus* and prohibition; to all informations in the nature of a *quo warranto;* to writs of *scire facias,* and the proceedings thereon." Section 11 provides: "No part of this act shall extend to any indictment or presentment for any criminal matter or process upon the same, or any information upon any popular or penal statute, or to any plea in abatement."

The plaintiff in error argues that the act covers the whole subject of amendments, and that criminal proceedings and pleas in abatement being excluded from its operation no authority exists for allowing amendments in such proceedings. However general the title of an act, its scope may be restricted by the language used in the body of the act. The title must be regarded as a part of the act and considered in its interpretation, but the legislative intention must be found expressed in or implied from the words used in the body of the act in connection with the title. By the language used in section 11 the legislature plainly expressed the purpose to confine the subject matter of the act to civil cases and not to extend the legislation to criminal cases or pleas in abatement but to leave the law as to these matters unchanged. Such law could be affected only if the statute extended to them, and the declaration that the law should not so extend left the law as it previously was, unaffected by the act. The court did not err, therefore, in permitting the amendment to the information.

The judgment will be affirmed.      *Judgment affirmed.*