524

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK SIMMONS, Plaintiff in Error.

*Opinion filed April 20, 1929.*

H. R. LIGHTFOOT, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, CHARLES T. FLOTA, State's Attorney, and ROY D. JOHNSON, (L. M. HANCOCK, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

An information was filed in the county court of Saline county against Frank Simmons, plaintiff in error, for violation of the Prohibition act. The information contained

two counts. Plaintiff in error pleaded guilty to the first count, and the second count was *nollied* by the State's attorney. He was sentenced to serve six months on the Illinois State farm at Vandalia and to pay all costs. He has sued out this writ of error directly to this court and alleges as the only ground for reversal that the information does not charge a criminal offense.

The first count of the information, to which plaintiff in error pleaded guilty, charges that Frank Simmons, at and within said county of Saline, in the State of Illinois, willfully and unlawfully did then and there possess for the purpose of sale certain intoxicating liquor without then and there having a permit from the Attorney General of Illinois to so possess said intoxicating liquor, etc. It is the contention of plaintiff in error that no criminal offense is charged by the information, and for that reason he could not be lawfully sentenced under it.

A count in an information charging the unlawful ownership or possession of intoxicating liquor, or charging any other unlawful act under the Prohibition act, should allege that such possession or unlawful act was without proper legal permit. (*People* v. *Martin,* 314 Ill. 110; *People* v. *Barnes,* id. 140; *People* v. *Tate,* 316 id. 52.) Where the count is as fully descriptive of the offense as the language of the statute and alleges every substantial element of the offense as defined by the statute such count is sufficient, and any equivalent language that excludes with the same certainty the exceptions contained in the act defining the crime may with equal propriety be employed. The first count of the information, to which plaintiff in error pleaded guilty, was as descriptive of the offense as the statute. It negatives the fact that his possession was lawful, and the charge that he possessed the intoxicating liquor for the purpose of sale was equivalent to a charge that he possessed it with intent to sell it. (*People* v. *Tate, supra.*) An information charging unlawful possession of intoxicating

liquor for the purpose of sale without a permit from the Attorney General to so possess the same need not further allege that the liquor was fit for beverage purposes, as the term "intoxicating liquor" signifies that it is potable or fit for beverage purposes. *People* v. *Cioppi,* 322 Ill. 353.

The judgment of the county court is affirmed.

*Judgment affirmed.*