## The People of the State of Illinois, Defendant in Error, v. Theodore Economakas, Plaintiff in Error.

### Gen. No. 37,444.

Opinion filed December 31, 1934.

GEORGE W. BLACKWELL, of Chicago, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, J. ALBERT WOLL, HENRY E. SEYFARTH and AMOS P. SCRUGGS, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

By this writ of error defendant seeks to reverse a judgment of the municipal court, entered September 14, 1933, wherein the court, after verdict, adjudged him "guilty of the criminal offense of pandering on said verdict of guilty, and sentenced him to the House of Correction in Chicago for the term of one (1) year and also to pay a fine of $1,000," etc. Only the common law record is before us.

The main contention of counsel for defendant in substance is that the judgment cannot stand because the

record does not affirmatively show that any plea of defendant to the *amended* information (upon which the cause was tried) was entered of record. The record discloses the following:

On September 14, 1933, leave was given to Margaret Le Gette to file her verified information, which was filed on that day. It is alleged therein that defendant on September 5, 1933, at Chicago, "unlawfully and wilfully, did knowingly without lawful consideration, take, accept and receive a certain sum of money, to-wit, two dollars, . . . from Margaret Le Gette, a female person, which said two dollars was a part of her earnings from the practice by her of prostitution." On September 14th, also, the court (Judge Hasten) entered an order in which it is recited that it appears that defendant was arrested without warrant, *capias* or other writ; that he is here present in open court and the court takes jurisdiction of his person, etc.; that the People by the State's attorney come, and defendant in his own person and by counsel also come; that defendant "being duly arraigned, . . . says that he is not guilty in manner and form as charged in *said information.*" It is then ordered that the cause be "transferred to Criminal Court Branch No. 39, for jury trial." It is then stated that "thereupon the state's attorney moves the court for leave to file an *amended information,* and the court grants said leave."

On the same day the amended information, verified by said Margaret Le Gette, was filed, in which she alleged that defendant, on September 5, 1933, at Chicago (1) "did then and there, by promises, threats and violence, cause, induce, persuade and encourage said Margaret Le Gette, a female person, to become an inmate of a house of prostitution"; and (2) "did by threats, promises and violence, cause, induce, persuade and encourage said Margaret Le Gette to remain as an inmate of a house of prostitution"; and

(3) "did then and there, knowingly and without lawful consideration, take, accept and receive a certain sum of money, to-wit: two dollars, . . . from said Margaret Le Gette,—the said sum being part of her earnings from her prostitution; in violation of section 170, chapter 38, Smith-Hurd's Revised Statutes of Illinois for 1929; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois." It will be noticed that the third charge in the amended information is substantially the same as the one charge contained in the original information, but that in the amended information there are two other charges which are not contained in the original information.

The transcript further discloses that on the same day another judge of the court (Judge McGarry) entered the judgment order in question, wherein it appears in substance that defendant moved to "quash the information," but that after argument the motion was overruled; that defendant was advised of his right to a trial by jury; that a trial by jury was commenced and twelve jurors (naming them) were "impaneled" (it is not stated that the jury were sworn); that the People were represented by the State's attorney; that defendant was present in person and represented by counsel; that after hearing all the testimony of the witnesses, the arguments of counsel and the instructions of the court, the jury retired and thereafter returned their verdict, finding defendant "guilty in manner and form as charged in the information herein"; that defendant's motions for a new trial and in arrest of judgment severally were overruled; that the State's attorney moved for final judgment on the verdict; and that thereupon the court entered judgment against defendant, as first above mentioned. It does not appear from the judgment order, or elsewhere in the record, that after the motion to quash the amended informa-

tion was made and denied, or at any other time, defendant filed or orally made in open court any plea to the amended information or was requested to do so.

It clearly appears from the record that the basis of defendant's conviction is the *amended* information. As said in *People v. Zlotnicki,* 246 Ill. 185, 186, when that information was filed the *original* information "was abandoned." In *People v. Kennedy,* 303 Ill. 423, it was decided in substance that under section 3 of Division XIII of our Criminal Code, Cahill's St. ch. 38, ¶ 755, a plea is essential to constitute an issue to be tried in a criminal case, whether the offense charged be a misdemeanor or a felony, as the matter of a plea is not a mere formality; and that the want of a plea by a defendant is properly raised by the general motion in arrest of judgment. In the opinion in the *Kennedy* case it is said (p. 425, italics ours): "This court has consistently and uniformly held that the statute must be complied with and that a plea is essential to constitute an issue to be tried. In *Johnson v. People,* 22 Ill. 314, which was a prosecution for a misdemeanor, the above provision of the Criminal Code was quoted and it was held that a plea was essential to the formation of an issue to sustain a verdict; that without it there was nothing to be tried by the jury, and that the judgment in that case should have been arrested for want of a plea. In *Yundt v. People,* 65 Ill. 372, where the charge was a felony, *the record failed to show* that the defendant was arraigned or any plea filed, and it was decided that there was no issue to try and the defendant *could not be properly sentenced."* See, also, *People v. Evenow,* 355 Ill. 451, where it is said (pp. 453, 454, italics ours): "But the provision for the entry of a plea is *mandatory,* and since the decision in the case of *Johnson v. People,* 22 Ill. 314, this court has consistently observed the rule that where the record does not affirmatively show the entry of a plea of

not guilty there is no issue and there is *nothing to be tried by a jury*. The absence of such affirmative showing *is fatal to the record*. (Citing cases.) Counsel for the State have cited authorities to the contrary from certain other jurisdictions, but we adhere to our own rule, not only because of the doctrine of *stare decisis* but because in our judgment *it better comports with the proper administration of justice.*"

Considering the record before us and the above holdings and decisions of our Supreme Court, we are of the opinion that the present judgment of conviction of defendant must be reversed and the cause remanded for further proper proceedings and another trial.

Defendant's counsel also contends that the judgment should be reversed because the record does not affirmatively show that the jury were sworn to try the issues after they were impaneled. In view of our holding, as above, it is unnecessary for us to consider the contention.

For the reasons indicated the judgment of the municipal court of Chicago of September 14, 1933, is reversed and the cause is remanded.

*Reversed and remanded.*

SCANLAN and SULLIVAN, JJ., concur.