**People of the State of Illinois, Defendant in Error, v. Dorothy Gibson, Plaintiff in Error.**

**Gen. No. 42,502.**

Opinion filed June 30, 1943.

W. G. ANDERSON, of Chicago, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE and JOSEPH A. POPE, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

In an information filed in the municipal court of Chicago on April 29, 1942, Dorothy Gibson was charged with the offense of petit larceny of $14.75. On June 5, 1942 she entered a plea of not guilty and waived trial by jury. The trial was commenced and on motion of the State's Attorney was postponed to July 9, 1942. On that day, pursuant to leave granted, the State's Attorney filed an amended information. The only difference between the original information and the amended information is that the former charged that the offense was committed "on the . . . day of May, 1942," while the latter charged that the offense was committed "on the 18th day of May, 1942." After the filing of the amended information the defendant did not plead *de novo*. On July 9, 1942 the trial was resumed, resulting in a finding that the defendant was guilty in manner and form as charged in the information and that the value of the property stolen was $14.75. Judgment was entered on the finding and defendant was sentenced to serve a term of nine months in the county jail and to pay a fine of $100. She prosecutes this writ of error to reverse the judgment.

The first point presented is that where an amended information is filed the original information is superseded and the defendant must plead over again. De-

fendant asserts that the court erred in proceeding with the trial without requiring her to plead again. The purpose of amending the information in the instant case was to supply the date. The month and year were alleged. This amendment was a matter of form. There was no substantial difference between the original information and the amended information. The defendant undoubtedly had the right to withdraw her former plea and to plead anew. By going to trial on the plea to the original information she elected to abide by that plea. *People v. Wancoski,* 209 Ill. App. 47. While the better practice is to require the defendant to plead *de novo* after the filing of an amended information, failure to do so does not constitute reversible error.

Defendant urges that "in the trial of a criminal case the defendant must be represented by counsel, without which the court is not legally constituted, in. consequence of which the trial court loses jurisdiction in the course of the proceedings." The defendant states that the record affirmatively shows that she was not represented by counsel. In support of this statement she calls attention to the portion of the record stating: "The People being now represented by the State's Attorney and said defendant being present in her own proper person." The record does not affirmatively say that she was represented by counsel. The fact that the record recites that "she was present in her own proper person" does not necessarily mean that she was not represented by counsel. In the case of *People v. Parcora,* 358 Ill. 448, the Supreme Court said (451):

"The court in the trial of criminal cases is bound to see that counsel is provided, when requested, for defendants unable to procure such assistance. It is a matter of common knowledge that in a court such as the municipal court of Chicago hundreds of cases are heard without the intervention of counsel. In the absence of a sufficient showing to the contrary, this court

must presume that the judge hearing this case in the municipal court did not deny a request for the services of counsel."

It is not contended that the defendant requested counsel or that her request was refused. Applying the quoted language of the Supreme Court in the *Parcora* case, we conclude that the point urged by defendant is without merit.

For the reasons stated the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

HEBEL and KILEY, JJ., concur.