People of State of Illinois, Defendant in Error, v.
Frank Clarke, Plaintiff in Error.

Gen. No. 44,977.

Opinion
filed March 14, 1950. Rehearing denied March 29, 1950. Released for
publication April 3, 1950.

GEORGE M. CRANE and LAWRENCE A. BERMAN, both of Chicago, for plaintiff in error.

JOHN S. BOYLE, State's Attorney, of Chicago, for defendant in error; JOHN T. GALLAGHER, RUDOLPH L. JANEGA and E. F. WELTER, Assistant State's Attorneys, all of Chicago, of counsel.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This writ of error is prosecuted by defendant, Frank Clarke, to reverse a judgment of the municipal court of Chicago which adjudged him guilty of the criminal offense of "Attempt Extortion," in violation of par. 240, ch. 38, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 37.188] and sentenced him to serve a term of 30 days imprisonment in the House of Correction and to pay a fine of $100 and costs. Defendant entered a plea of not guilty, and having waived a jury, the case was tried by the court.

At the close of the State's case, defendant's counsel made a motion to find defendant not guilty on the ground of variance and that the information did not charge a crime. Over the objection of defendant, the court allowed the state's attorney to amend the information by physically striking out the words "perversion," etc., and to insert over the word "perversion" the words "crime against nature." The following shows the information, as amended, with the alterations made:

"Did then and there unlawfully and wilfully verbally, maliciously threaten to accuse . . . [informant] of a crime against Nature:
certain crime To Wit: ~~perversion, to expose and publish any of his infirmities of failings To Wit: that he is a pervert~~ with intent then and there to extort

208

from the said . . . [informant] a certain sum of money, To Wit ($50.00) Lawful money of the United States of America, in violation of Par. 240 Chap. 38 1945 Illinois Revised Statutes.''

While defendant does not argue that the evidence was insufficient, a brief summary will point up the questions of law hereafter discussed. Informant casually met defendant, a police officer, in a public toilet room in a park on June 2, 1949. According to informant, defendant made homosexual overtures to him, which he repulsed, and thereupon, defendant threatened to accuse him of homosexuality unless informant paid him $50. They arranged to meet in the park on June 9th for that purpose. Defendant and informant then separated. After this conversation, informant talked to his minister and some friends and then went to the Detective Bureau, where he told police officers about the matter. Defendant did not appear in the park on June 9th, but on June 21st, went to informant's home and demanded the money. Informant told defendant he did not have the money, but arranged to meet him in the park at 5:30 p. m., the next day. Informant again contacted police officers, went to the park at the appointed time, met defendant, and after a little conversation, police officers arrested defendant.

Defendant denies the version of the story revealed by the State's evidence, but admits having gone to informant's home and having arranged a meeting with informant in the park. In a statement to the police, he explained this on the incredible basis that he was sorry for informant because of a story told him by informant that his mother was ill with heart trouble. In his testimony, however, he said he had struck the informant, that he was afraid informant was going to make trouble for him, and that that was the reason for his visit to informant's home.

209

The act under which defendant was charged and convicted, par. 240, ch. 38, Ill. Rev. Stat. 1945, provides as follows:

"Whoever, either verbally or by written or printed communication maliciously threatens to accuse another of a crime or misdemeanor, or to expose or publish any of his infirmities or failings, with intent to extort money, goods, chattels, or other valuable thing, . . . shall be fined in a sum not exceeding $500, and imprisoned not exceeding six months."

█ Defendant contends that the evidence, if it proved any crime at all proved the crime of soliciting a bribe, and not extortion. Informant testified that defendant threatened to expose him for his alleged infirmities and this clearly is within the provisions of the act under which defendant was tried.

So far as appears from the evidence, defendant objected to the amendment to the information, but the specific grounds of that objection do not appear. The statement of facts merely notes the objection so that as far as we know, the points which he here makes are made for the first time.

█ Defendant does not take the position that an information may not be amended. He accepts the law as clearly stated in many decisions, that an information, unlike an indictment, may be amended. He says, however, that when so amended, there must be a reverification, rearraignment, replea, rewaiver of trial by jury, and retrial, and to this, he admits of no exception.

A distinction between the highly formalized character of an indictment and the more liberal character of an information was made long ago.

In *Truitt v. People,* 88 Ill. 518, the court quoted from an opinion by Lord MANSFIELD, in *Rex v. Wilkes,* 4 Burr. 320 (2527) : "There is a great difference between amending indictments and amending informations. Indictments are found upon the oaths of a jury, and

ought only to be amended by themselves; but informations are as declarations in the King's suit. An officer of the Crown has the right of framing them originally, and may, with leave, amend in like manner as any plaintiff may do. If the amendment can give occasion to a new defense, the defendant has leave to change his plea; if it can make no alteration as to the defense, he does not want it.'' This language was approved in *Long v. People,* 135 Ill. 435, and *People v. Wancoski,* 209 Ill. App. 47.

In the *Wancoski* case, the information was amended to strike out the word ''brick'' and write ''frame.'' The court then considered the nature of practice in civil suits and citing a number of authorities from civil suits, held that the parties in the case before them proceeded with the understanding that the plea of not guilty previously entered still stood and that the case was still at issue when the trial proceeded. Nothing was said with respect to verification, although so far as appears from the record, no reverification of the information was required.

In *People v. Gibson,* 320 Ill. App. 54, an information filed in the municipal court charged the defendant with the offense of petit larceny ''on the . . . day of May, 1942.'' Before the trial was commenced, the state's attorney amended by charging the offense was committed on the ''18th day of May, 1942.'' After the filing of the amended information, the defendant did not plead *de novo.* The point was there made that the filing of the amendment constituted an abandonment of the original information. The court held there was no substantial difference between the original information and the amended information; that defendant had a right to withdraw her former plea and to plead anew, but that by going to trial on the plea to the original information, she elected to abide by that plea, citing *People v. Wancoski,* 209 Ill. App. 47.

Defendant cites in support of his position *People v. Zlotnicki,* 246 Ill. 185, *People v. Economakas,* 278 Ill. App. 265, and *People v. Klemick,* 311 Ill. App. 508.

In *People v. Zlotnicki,* 246 Ill. 185, the original information merely averred that plaintiff in error had published a libel concerning complaining witness, without a suggestion as to the character of the libelous charge. It was amended by setting forth the libelous writing. The court held that the original information did not state an offense; that the amended information, for the first time, charged defendant with a crime and that therefore, verification was necessary.

In *People v. Economakas,* 278 Ill. App. 265, defendant was charged in the original information with receiving part of the earnings of a prostitute. An amended information was filed, adding two counts: one, charging that the defendant did, by promises, threats, etc., persuade one to become an inmate of a house of prostitution; and two, did by threats, promises, etc., cause one to remain an inmate of a house of prostitution. It is obvious that these were new offenses and required new pleas. The court held that the conviction should be reversed for want of plea to the amended information.

In *People v. Klemick,* 311 Ill. App. 508, the defendant was indicted for keeping a common gaming house. To this, he pleaded not guilty. When the case came on for trial, the state's attorney filed an amended information, charging the offense of keeping a common gaming house and also charging a prior conviction. The two cases, that is, the indictment and the information as amended to charge a second offense, were consolidated for trial over the objection of the defendant. He was found guilty, as charged in the indictment, and also found guilty as charged in the amended information. The court there said: ''It has been definitely held by the Supreme Court of Illinois that an indictment

returned by a grand jury cannot be amended. *Gannon v. People,* 127 Ill. 507; *Patrick v. People,* 132 Ill. 529. It has just as positively been held that in matters of amendment, the information stands on entirely different grounds from an indictment, and may be amended to any extent which the judge admits to be consistent with the orderly conduct of judicial business with the public interest and with private rights.'' The court held that it was proper to consolidate the indictment and the original information, but the amendment to the original information charged a second offense or prior conviction, and this made the defendant liable to much more severe punishment than could have been imposed upon him under the indictment. Therefore, compelling the defendant to go to trial on the indictment and amended information at the same time was a violation of his right to a fair and impartial trial upon the indictment.

Turning now from this meager account of the law of Illinois to that of other jurisdictions, we find a number of cases in point.

In *State v. Bugg,* 66 Kan. 668, 72 Pac. 236, the information was amended to correct a mistake in the spelling of a word. There the court held ''the mistake in spelling the word and the correction of it were mere matters of form and not of substance. The correction was not prejudicial to the rights of appellant. Such amendments may be made after the trial has commenced, at the discretion of the court. . . . Where an information is amended at the trial in form only, a rearraignment is not required.''

In *State v. Merrick,* 101 Wis. 162, 77 N. W. 719, some amendments to the complaint in regard to dates were allowed. There the court stated ''proper amendments to the complaint did not render it necessary that it should be resworn to, or that a new plea should be entered.''

213

In *State v. Hurd,* 5 Wash. (2d) 308, 105 P. (2d) 59, the original information charged defendant with operating a motor vehicle "while under the influence of intoxicating liquor." After a mistrial, the information was amended to read: "while under the influence of *or affected by* intoxicating liquor." The court held that the two phrases, "under the influence of," and "or affected by" were interchangeable and synonymous and that therefore the amendment was not one of substance, and then went on to consider defendant's argument that the amendment required reverification. The court held that objection to the absence of verification cannot be made for the first time on appeal; that such objection is not saved by a motion in arrest of judgment; that the verification is not a substantial part of the complaint or information; and the only purpose of such appended affidavit is to insure good faith in instituting the proceeding, and that the good faith of the prosecution was evident. The court there said: "The honest intention of the state was established by the evidence and was confirmed by the verdict. When a valid verdict of 'guilty' has been returned, the meritorious and nonvexatious character of the charge has been established far beyond the power of a mere verification to do so."

██ From all of the foregoing, we conclude that the original information must state a case, and must be verified. If the original information so states a case, it may be amended as to details which are not matters of substance, and by that, it is clear that the courts mean those which do not change the substance of the offense charged. When an information is so amended, defendant, if he objects thereto, must state precisely the points of his objection. If he proceeds to trial, it is presumed that the original verification to the information, the arraignment, the plea, and jury waiver stand.

The technical safeguards which the law has imposed for the protection of a man accused of crime are not

to be lightly dealt with. Neither are they to be used as snares to catch an unwary state's attorney or to make the practice of criminal law a game of technical hazards. We must therefore examine with care the original information filed in this case and the amendment thereto.

 It will be noted that the crime charged in the original information is that of extortion, in violation of par. 240, ch. 38, Ill. Rev. Stat. 1945. This statute provides that whoever threatens to accuse another of a crime or misdemeanor or to expose or publish any of his infirmities or failings with intent to extort money, etc., . . . shall be fined . . . . The language of the original information charges that the defendant did "threaten to accuse the informant of a certain crime, to-wit: perversion, to expose and publish any of his infirmities of [meaning 'or'] failings To Wit: that he is a pervert with intent then and there to extort," etc. The word "perversion" is defined in Webster's Dictionary as a "maladjustment of the sexual life, such that satisfaction is sought in aberrant ways," etc. We know, of course, that this includes the act of which the defendant threatened to accuse the informant.

It does not appear from the record why the state's attorney amended the original information. It was entirely adequate. However, he did amend by substituting "crime against nature" for "perversion." The essence of the charge is the extortion, not the particular nature of the crime with which the defendant threatened to expose the informant. It is impossible for us to observe any distinction prejudicial to the defendant between the threat to extort by accusing one of perversion and threatening to accuse one of a crime against nature. Defendant was entitled to know the nature of the charge against him. He did know that charge from the original information and he knew precisely the same after the amendment.

It is to be noted that the amendment was not made until after informant had testified and the State had rested its case. The informant had testified under oath and in detail with respect to the offense. If there is any substance to the requirement of a verification of an information, it must be that thereby the informant is held liable to a charge of perjury if the information is false and defendants thus saved the embarrassment of vexatious and ill-founded charges. The original information amply met these requirements and they were not in anywise changed by the amendment. It does not appear that defendant even asked to replead or demanded a jury trial. All that we can find from the record is that he objected to the amendment. The amendment, as we have said, affected no change in the character of the offense and we hold that reverification, rearraignment, new jury waiver, and new trial were not necessary in this case.

For the reasons stated herein, the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.