(No. 31599.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK CLARKE, Plaintiff in Error.

*Opinion filed November 27, 1950.*

354

GEORGE M. CRANE, and LAWRENCE A. BERMAN, both of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, E. F. WELTER, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This cause comes here on writ of error to the Appellate Court for the First District, which affirmed the judgment of the municipal court of Chicago, finding plaintiff in error, Frank Clarke, guilty of the criminal offense of "attempt extortion," in violation of section 93 of division I of the Criminal Code. (Ill. Rev. Stat. 1945, chap. 38, par. 240.) After waiving a jury trial, he was tried by the court, found guilty and sentenced to serve a term of 30 days in the House of Correction and to pay a fine of $100 and costs. At the close of the State's evidence in the municipal court,

counsel for plaintiff in error made a motion to find the defendant not guilty on the ground of variance and that the information did not charge a crime. Over objection of defendant, the court allowed the State's Attorney to amend the information by physically striking out the words "perversion," etc., and to insert over the word "perversion" the words "crime against nature." The following shows the information, as amended, with the alterations made:

"Did then and there unlawfully and wilfully verbally, maliciously threaten to accuse * * * [informant] of a crime against Nature:

certain crime To Wit: ~~perversion, to expose and publish any of his infirmities of failings To Wit: that he is a pervert~~ with intent then and there to extort from the said * * * [informant] a certain sum of money, To Wit ($50.00) Lawful money of the United States of America, in violation of Par. 240, Chap. 38, 1945 Illinois Revised Statutes."

This left an amended information charging the defendant with a threat to charge the informant with the crime against nature with intent to extort $50.00 from him, the said informant. The defendant objected to the amendment and to proceeding with the trial. The court overruled the objection and ordered the State's Attorney to proceed. The State rested again.

The plaintiff in error assigns errors as follows: (1) The evidence failed to establish the crime charged; and, (2) the amendment of the information was an abandonment of the original and therefore it could not support the proceedings without reverification, rearraignment, replea, rewaiver of trial by jury, exactly as if a new information had been filed.

We have gone over this record as to the first contention, and, without going into sordid details, we are of the opinion the evidence is sufficient to prove the truth of the charge as set out in the information in both its forms.

The second contention presents the principal and crucial question in the case as to whether the information, as amended, is sufficient to support the proceedings below. Plaintiff in error contends that upon amendment the original information was abandoned and the information, as amended, stood as a new information requiring the same procedure as though it were an original information. It is not pointed out in what particular the defendant here was prejudiced by proceeding upon the amended information, but the contention, in substance, is that, as a matter of law, the amended information is insufficient to support the proceedings and judgment.

Plaintiff in error relies heavily upon the case of *People* v. *Zlotnicki*, 246 Ill. 185. In that case an information was filed charging a libel, but included no language from which the nature of the libel could be ascertained. On motion to quash, the State's Attorney obtained leave to, and did, file an amended information not verified as amended. A motion to quash the amended information was overruled. The court there held that the original information was abandoned by filing the amended one, and that the verification of the original did not extend to the amended information, and that the latter should have been quashed on motion. The basis of that decision was that the original information was totally insufficient to charge a crime and that its verification could not extend to an amendment containing averments of which there was not even a suggestion in the original.

Plaintiff in error also points to the case of *People* v. *Economakas*, 278 Ill. App. 265, where the court there reversed a conviction because there was no plea to the amended information. In that case the amendment included the addition of two counts charging offenses not set out in the original. The holding there was that the pleas entered on the original could not extend to the new counts added by the amendment.

It is the contention of the People that it is not error to proceed upon an information where the amendment is by interlineations and does not materially injure the defendant. They cite the case of *Truitt* v. *People,* 88 Ill. 518, where this court quoted with approval from *Rex* v. *Wilkes,* 4 Burr. 320 (2527) : "There is a great difference between amending *indictments* and amending *informations.* Indictments are found upon the oaths of a jury, and ought only to be amended by themselves; but informations are as declarations in the King's suit. An officer of the Crown has the right of framing them originally, and may, with leave, amend in like manner as any plaintiff may do. If the amendment can give occasion to a *new defense,* the defendant has leave to change his plea; if it can make no alteration as to the defense, he does not want it." Other cases holding that an information can be amended are *Long* v. *People,* 135 Ill. 435, and *People* v. *Wancoski,* 209 Ill. App. 47.

It seems to be well settled that an amendment to an information which fails to state a crime is an abandonment of the original. (*People* v. *Zlotnicki,* 246 Ill. 185.) And an amendment which adds allegations of crime not mentioned in the original information requires a new plea. (*People* v. *Economakas,* 278 Ill. App. 265.) In proper cases, however, it is well settled informations may be amended. *People* v. *Fensky,* 297 Ill. 440; *Long* v. *People,* 135 Ill. 435; *Truitt* v. *People,* 88 Ill. 518.

The precise question for determination, then, is as to the limit to be set upon such amendment. The rule which covers this question is suggested in the case of *People* v. *Billerbeck,* 323 Ill. 48. In that case an information was filed charging unlawful possession and transportation of intoxicating liquor in violation of the then Prohibition Act. On motion by the People, leave was granted to amend the information by adding "without first having had a permit from the Attorney General so to do." The information

was not reverified and defendant's motion to quash was overruled. The court reversed the conviction holding that the charge of the original did not set out an offense, and said: "The amendment to the information was therefore material, and the information as amended should have been sworn to after it was amended." In the case of *People* v. *Wancoski,* 209 Ill. App. 47, an information was amended by striking out the word "brick" and writing the word "frame." The court there held that the substitution of words did not affect any essential averment and that since the parties proceeded with the understanding that the original plea still stood, the case was still at issue when the trial proceeded. To the same effect, is *People* v. *Gibson,* 320 Ill. App. 54.

From a careful review of the Illinois authorities it would appear that if the amendment involves no material change in the averments of the original, the original information is not abandoned and trial may be had upon it as amended, without a renewal of the formalities originally observed.

The substitution here in the information of the words "crime against nature" for "perversion" is not a distinction prejudicial to the defendant, for the reason the crux of the charge is the extortion, not the particular nature of the crime with which the defendant threatened to expose his accuser. Further, it would seem that a threat to accuse one of perversion and of being a pervert would include the meaning of the words "crime against nature." Plaintiff in error's position seems to be grounded on a distinction without a difference, a change of form without a change of circumstance, and his objection to proceeding with the trial below rested on the technique of the pleading rather than from any prejudice to himself. His failure to withdraw his plea after the amendment, supports the conclusion that his position was the same and that he considered the cause still at issue.

Plaintiff in error also contends that the original language charged a threat to accuse informant of a crime, to-wit "perversion," and that there is no such crime known to the statute of Illinois; that therefore the substitution of the words "crime against nature" for the first time charged a threat to accuse of crime. It has been held that where the language of the information is as fully descriptive of the offense as the language of the statute denouncing it, and alleges every substantial element of the offense as defined by statute, the information is sufficient. (*People v. Simmons,* 334 Ill. 524.) In the instant case, the information did not purport to charge plaintiff in error with the substantial crime against nature. The essence of the crime charged here is the fact of the threat made with intent to extort. It is obvious that the language used to describe the nature of the threat allegedly made is sufficient if it apprises the defendant of the nature of the threat he is charged with having made, whether or not it is couched in the precise language of the statute which defines the crime involved in the threat.

After a careful examination of all the authorities bearing on this question, we are of the opinion the amendment as made here did not alter the substance of the original language nor prejudice the plaintiff in error. There was no material change, either in the purport of the language or in the position of the parties. Plaintiff in error knew the charge in the original information and was fully apprised of the charge after the amendment.

For the reasons above pointed out, the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*