People of State of Illinois, Defendant in Error, v.
Wyman Donald Moore, Defendant-Plaintiff in
Error.

**Gen. No. 11,181.**

Second District, First Division.
February 17, 1959.
Rehearing denied April 6, 1959.
Released for publication April 6, 1959.

Eva L. Minor, of Kankakee, for plaintiff in error.

Frank W. Curran, State's Attorney (Edward P. Drolet, of counsel) for defendant in error.

JUSTICE DOVE delivered the opinion of the court. On April 10, 1958, an information, verified by Reginald Chamberlain was presented to the county judge of Kankakee County, Illinois, by the state's attorney of that county charging Wyman Donald Moore with driving a motor vehicle on Illinois State Highway 114 at a designated place in Kankakee County, Illinois, without having a valid operator's license in his possession and at a time when his operator's license had been revoked by the Secretary of State of the State of Illinois pursuant to a conviction of the defendant in Magistrate Court of Iroquois County, Illinois for the offense of driving a motor vehicle while under the influence of intoxicating liquor. The judge certified that he had examined the information and the affidavit thereto attached and was satisfied that there was reasonable cause for filing the same. He fixed the amount of the bond and directed that the information be filed.

The defendant was thereafter arrested and appeared in court with his counsel and entered a plea of not

guilty and waived a trial by jury. The trial was held on April 23, 1958 at which time the said Reginald Chamberlain appeared as a witness on behalf of the People. Mr. Chamberlain testified that on April 10, 1958 he was a State Police Officer and at about 12:15 o'clock in the afternoon of that day he saw the defendant driving a Pontiac coupe on State Highway 114 in Kankakee County about four miles east of, and driving toward Momence; that when Moore arrived in Momence he, Chamberlain, stopped him and asked to see his operator's license; that Moore thereupon produced a driver's license issued by the State of Kentucky which he gave to Chamberlain. Mr. Chamberlain further testified that the car which Moore was then driving had thereon Indiana license plates No. CA4326 issued in November 1957 and that defendant told Chamberlain that he, Moore, lived on Rural Route One, Momence, Illinois.

The state's attorney then offered in evidence an instrument properly certified by the Secretary of State of Illinois which contained a true photostat of a report of conviction of the defendant on August 8, 1957, in the police magistrate's court of Leslie V. Strickler of Watseka, Illinois of the offense of driving a motor vehicle while intoxicated. This instrument recited that there was no Illinois license involved; that the foreign state (Kentucky) license was not surrendered as it had expired; that it was an "Order of Revocation" and notified defendant that an order had been entered in the office of the Secretary of State of this state under the provisions of the Drivers License Act of Illinois, "revoking any and all Illinois operator's or chauffeur's licenses or permits issued to you under the authority of this Act, your privilege to obtain an Illinois license and your privilege to operate a motor vehicle upon the highways of the State of Illinois. This action is taken upon a report received in the office of the Secretary

11

of State showing that you were found guilty of operating a motor vehicle while under the influence of intoxicating liquor. Therefore," concluded the order, "in accordance with the provisions of the Drivers License Act stated above, it is hereby ordered that all Illinois operator's and chauffeur's licenses or permits issued to you, your privilege to obtain an Illinois license and your privilege to drive a motor vehicle in this state are revoked."

Counsel for the defendant objected to this offer stating; "I object; there is no showing that he ever had an Illinois Operator's License. No charge here that he was driving after any privilege had been revoked. We believe that is a different charge. People's exhibit I is broader than the charges made against the defendant. He is charged with driving after his driver's license had been revoked and it does not appear here that he had any license which was actually revoked by the Secretary of State, and if it is intended to cover a charge that he was driving after his driving privilege had been revoked there is no such charge before the court." This objection was overruled and the exhibit was admitted in evidence. The state's attorney then asked leave to amend the information by interlineation, which was granted over the general objection of defendant.

The information was amended by interlineation and as so amended charged the defendant with driving a motor vehicle at the described time and place "without having a valid operator's license in his possession and at a time when his operator's license and his privilege to obtain an operator's license and his privilege to operate a motor vehicle upon the highways of the State of Illinois had been revoked by the Secretary of State pursuant to conviction made and entered in Magistrate Court of Iroquois County, State of Illinois, August 29, 1957, for the offense of driving

12

a motor vehicle while under the influence of intoxicating liquor, contrary to the form of the statute in such case made and provided."

After the amendment was so made no further evidence was offered on behalf of the People. The defendant offered no evidence and the trial court promptly adjudged defendant guilty as charged in the information as amended. The defendant entered a motion for a new trial which was subsequently heard and denied and the court sentenced defendant to serve 90 days in the State Penal Farm at Vandalia. To reverse the judgment of conviction defendant prosecutes this writ of error.

The Drivers License Act of this state provides that no person (except those expressly exempted by section 6—102 of the act) shall drive any motor vehicle upon a highway in this state, unless such person has a valid license or permit as an operator issued under the provisions of the act. (Ill. Rev. St. 1957, Chap. 95½, Art. I, sec. 6—101.) Section 6—118 of the same article provides that every licensee shall have his operator's license in his immediate possession at all times when operating a motor vehicle. Section 6—205 of Article II of the same Drivers License Act directs the Secretary of State to forthwith revoke the license of any operator upon receipt of a report of such operator's conviction of operating a motor vehicle while under the influence of intoxicating liquor and section 6—202 of the same article provides that the privilege which an unlicensed person might have to obtain a license shall be subject to suspension or revocation by the Secretary of State in like manner and for like cause as an operator's license may be suspended or revoked.

The information, prior to its amendment, charged defendant with driving a motor vehicle at a designated time and upon a designated highway in this state with-

13

out having a valid operator license in his possession and at a time when his operator's license had been revoked by the Secretary of State. The evidence sustains the charge that defendant drove his motor vehicle without having a valid operator's license in his possession but wholly fails to show that at such time his operator's license had been revoked. It does not appear that defendant's operator's license issued by the State of Kentucky was ever revoked. The record affirmatively shows that his Kentucky license had not expired. The Secretary of State of Illinois can only revoke Illinois licenses and he stated specifically in his order directed to defendant that no Illinois license was involved.

When the state's attorney offered in evidence the order of the Secretary of State to the effect that defendant's privilege to obtain an operator's license had been revoked, counsel for defendant objected specifically on the ground that the information made no such charge against the defendant. The objection was overruled. The state's attorney evidently recognized the merit of counsel's objection and immediately moved for leave to amend the information. Over the objection of defendant this motion was granted and the amendment subsequently made. When that was done, defendant, for the first time was charged with the offense of which he was found guilty, that is driving a motor vehicle upon the highways of this state after his privilege to obtain an operator's license had been revoked.

The state's attorney insists that permitting an amendment of an information is discretionary with the trial court; that in the instant case the offense charged in the original information is the identical offense charged in the information as amended but even though the amendment was material the right of the defendant to have the information as amended

14

verified and the necessity of entering a plea thereto were all waived by defendant.

■■■■ An information may be amended and unless prejudice to the defendant results from the amendment an Appellate Court will not disturb the trial court's discretion in permitting an amendment to be made. (People v. Evans, 290 Ill. App. 75.) The offense charged in the original information in the instant case was not the same offense charged in the information as amended. The offenses charged were separate and distinct. The Drivers License Act recognized that the offense charged in the information as amended was a far more serious misdemeanor than the offense charged in the original information. The penalty imposed upon the driver of a motor vehicle for driving without having a valid operator's license in his possession is a fine of not more than $300 (Ill. Rev. St. 1957, Chap. 95½, § 6—401(b)). The penalty imposed upon the driver of a motor vehicle on any highway in this state at a time when his privilege to obtain an operator's license had been revoked or suspended is imprisonment for not less than seven days nor more than one year and there may be imposed, in addition thereto, a fine of not more than $1000 (Ill. Rev. St. 1957, Chap. 95½, § 6—303(a)).

The basis of defendant's conviction is the amended information. The amendment added allegations making the information as amended charge an offense not charged in the original information. The offense charged in the information as amended was the offense of which defendant was found guilty and for which he was punished.

■■ The verification of the original information cannot be applied to the information as amended. Under the authorities defendant was not required to answer or plead to the charge preferred against him by the amended information unless it was verified. (Peo-

15

ple v. Zlotnicki, 246 Ill. 185, 186.) In People v. Billerbeck, 323 Ill. 48 the original information charged the defendant with unlawfully possessing and transporting intoxicating liquor without being authorized so to do as provided by the Illinois Prohibition Act. The information was amended by adding "without first having had a permit from the Attorney General of the State of Illinois so to do." The information as amended was not sworn to. The court held that the original information did not charge an offense; that the amendment was a material one and that the information should have been sworn to after it was amended.

The record discloses not only that the information after it was amended was not sworn to but further discloses that no plea was ever entered thereto. A plea is not a mere formality. Whether the offense charged is a misdemeanor or a felony, a plea is essential to constitute an issue. (People v. Kennedy, 303 Ill. 423.) In People v. Economakas, 278 Ill. App. 265, the court reversed the judgment of the trial court where the record failed to show that defendant "filed or orally made in open court any plea to the amended information." In the course of its opinion the court cited the Zlotnicki, and Kennedy cases and quoted from People v. Evenow, 355 Ill. 451 where it is said (pp. 453, 454) "But the provision for the entry of a plea is mandatory and since the decision in the case of Johnson v. People, 22 Ill. 314, this court has consistently observed the rule that where the record does not affirmatively show the entry of a plea of not guilty there is no issue and there is nothing to be tried by a jury. The absence of such affirmative showing is fatal to the record." In People v. Clarke, 407 Ill. 353 the court cited and commented upon numerous cases and concluded: (p. 358) "From a careful review of the Illinois authorities it would appear that if the

16

amendment involves no material change in the averments of the original, the original information is not abandoned and trial may be had upon it as amended, without a renewal of the formalities originally observed."

Counsel for defendant in error concede that the amended information was not verified and that no plea was entered thereto but insists that defendant made no motion to withdraw his plea after the amendment was made and waived his right to have the amended information verified "by proceeding in the trial without raising the objection." There is no merit in these contentions.

What the record shows is that the defendant plead not guilty to the offense charged in the original information. He objected to leave being granted the state's attorney to amend the information. The record does not show that defendant was ever furnished with a copy of the information after the amendment was made nor was any plea entered thereto. Leave was granted to amend the information after Mr. Chamberlain, the only witness who testified, had concluded his testimony and had been excused and after the court had admitted in evidence the certified copy of the order entered by the Secretary of State, over the objection of defendant. The People then rested and counsel for defendant rested and the record discloses that thereupon the "court found the defendant guilty as charged in the information as amended."

The original information in this case charged the defendant with driving a motor vehicle upon a public highway in this state without having a valid operator's license in his possession and at a time when his operator's license had been revoked. At the time leave was granted to amend the information and the information was amended the evidence disclosed that no operator's license was ever issued to defendant by the State of

17

Illinois. Therefore there could be no revocation of any such operator's license. What the state's attorney endeavored to do by amending the information was to make it conform to the evidence and by the amendment, for the first time, defendant was charged with driving a motor vehicle upon a public highway of this state when his privilege to obtain an operator's license had been revoked.

The information as so amended was never verified and defendant entered no plea thereto. The amendment was a material one charging a different offense than that charged in the original information. Therefore the judgment of the trial court must be reversed and this cause remanded for further proceedings and for a new trial.

Reversed and remanded.

SPIVEY, P. J. and McNEAL, J., concur.