(No. 18641.—Cause transferred.)
The People of the State of Illinois, Defendant in Error, *vs.* James Hord, Plaintiff in Error.

*Opinion filed February 24, 1928.*

1. Criminal law—*search of person upon arrest for offense is not unconstitutional.* An officer who has reasonable ground for believing that a person is implicated in a crime that has been committed may arrest without a warrant and search the person arrested without a search warrant, and the taking from such person of a five-dollar bill which had been marked and had been received in the unlawful sale of intoxicating liquor is not a violation of a constitutional right, as the guaranty of the constitution is not against all search and seizure but against unreasonable search and seizure and does not extend to immunity from search upon arrest.

2. Appeals and errors—*direct appeal cannot be taken on constitutional question which has been decided.* The Supreme Court will not entertain jurisdiction of an appeal or writ of error on the ground that a constitutional question is involved where the question has been decided and settled by the court, and where no other ground of direct review exists the cause must be transferred to the Appellate Court.

Writ of Error to the County Court of Clay county; the Hon. R. S. C. Reaugh, Judge, presiding.

A. N. Tolliver, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, CLARENCE T. SMITH, State's Attorney, and MERRILL F. WEHMHOFF, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the county court of Clay county of the unlawful possession and unlawful sale of intoxicating liquor. The information consisted of two counts. The first count charges the unlawful possession of liquor, and the second the unlawful sale thereof. The information was filed by the State's attorney on the fourth day of August. On the next day thereafter the defendant was arrested by the sheriff of Clay county. Previous to the trial counsel for the defendant filed a motion asking the court to order the sheriff to return to the defendant a certain five-dollar note, lawful money of the United States, taken by the sheriff from the defendant at the time he was placed under arrest or immediately thereafter. His motion was denied. The defendant also entered a motion to quash the information, which was overruled. The next motion was for a bill of particulars, which was denied. This was followed by a motion challenging the array, based upon various grounds, which was also denied. Trial was had before a jury and the defendant was found guilty on both counts. The judgment of the court was that he pay the sum of $500 on the first count and a like sum on the second count and that he stand committed to the county jail for a period of sixty days. He brings the cause here, alleging that a constitutional question is involved, in that he was denied his constitutional rights by the refusal of the court to enter an order requiring the return of a certain five-dollar note prior to the commencement of the trial. It appears that this five-dollar note had been marked by the State's attorney of the county and given to the witness Cleo Crumbacker, who testified that she purchased whiskey

with it from plaintiff in error. It was found in his possession when he was searched by the sheriff after arrest. Plaintiff in error explained that he secured the bill from Cleo Crumbacker by changing the same, at her request,· to money of smaller denomination.

It is claimed by counsel for plaintiff in error that the search made of plaintiff in error and the seizure of the five-dollar note were in violation of his constitutional guaranty against unreasonable search and seizure, and that the money was not competent as evidence and should have been returned to him. This question has been frequently decided in this State. The rule laid down in the cases is, that generally where an arrest is made by an officer who has reasonable ground for believing the person arrested is implicated in the crime, such officer has a right to arrest without a warrant and to search the person arrested without a search warrant. The guaranty of the constitution is not against all search and seizure but against unreasonable search and seizure, and does not extend to immunity from search on arrest. (*People* v. *Swift,* 319 Ill. 359; *Lynn* v. *People,* 170 id. 527; *North* v. *People,* 139 id. 81; *Gindrat* v. *People,* 138 id. 103.) It has also been frequently decided in this State that this court will not entertain jurisdiction of an appeal or writ of error from this court on the ground that a constitutional question is involved when the question has been decided and settled by this court. (*People* v. *Blenz,* 317 Ill. 639; *People* v. *Fensky,* 290 id. 612; *People* v. *Powers,* 283 id. 438.) The offense charged in this case is a misdemeanor. The punishment was by fine and imprisonment in the county jail. There are no constitutional questions involved in this review and no other questions giving this court jurisdiction.

The cause will therefore be transferred to the Appellate Court for the Fourth District.        *Cause transferred.*