(No. 30172.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PEARL HARRISON, Plaintiff in Error.

*Opinion filed September 18, 1947.*

W. G. ANDERSON, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, W. S. MIROSLAWSKI, MELVIN S. REMBE, and RUDOLPH L. JANEGA, all of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

On December 13, 1946, Pearl Harrison was convicted by the municipal court of Chicago of the offense of soliciting to prostitution. She was sentenced to imprisonment in the house of correction for a period of five months. To reverse this conviction, she seeks a review in this court.

The offense for which the defendant stands convicted is a misdemeanor. This court is without jurisdiction to consider the errors assigned unless a fairly debatable constitutional question is presented. The only pretention to a constitutional question in the assignment of errors is defendant's claim that the judgment and sentence of the court deprived her of her liberty in violation of her constitutional rights because the information failed to charge an offense. Such an assignment of error does not present a constitutional question within the contemplation of section 75 of the Civil Practice Act. Ill. Rev. Stat. 1945, chap, 110, par. 199; *People* v. *Kabana,* 383 Ill. 284; *People ex rel. Ponall* v. *Wally,* 375 Ill. 33; *People* v. *Shaver,* 364 Ill. 326.

The record does not reveal that any constitutional question was raised in the trial court. The first time mention is made of a constitutional question is in the assignment of errors, and it is not there contended that any statute applying to defendant's case is unconstitutional. Where no constitutional question has been raised in the trial court, it cannot be raised for the first time in this court. *People* v. *Fuller,* 369 Ill. 492.

This case should have been taken to the Appellate Court and the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*