(No. 33042.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SHAMERY WILLIAMS, Plaintiff in Error.

*Opinion filed May 24, 1954.*

SHAMERY WILLIAMS, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and JORDAN JAY HILLMAN, all of Chicago, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On January 19, 1937, after trial without a jury in the municipal court of Chicago, plaintiff in error was convicted of unlawful possession of marijuana, a habit-forming drug. He was sentenced to confinement at labor in the house of correction for a period of 90 days, and to pay a fine of $5. Presenting the common-law record only, he now seeks direct review in this court by writ of error.

He assigns as error that the information fails to describe with particularity the nature of the drug; that the information "was made by a Police Officer of the City of Chicago acting in his official capacity;" that the evidence used against plaintiff in error was obtained by an unlawful search and seizure; that the evidence is insufficient to support the conviction; that since both confinement and a fine were imposed he was sentenced twice for the same offense; and that plaintiff in error was not allowed sufficient opportunity to prepare for the trial.

It is evident that none of the questions sought to be presented is sufficient to confer jurisdiction upon this court to review the judgment directly. The offense for which plaintiff in error was convicted is a misdemeanor only, and in such cases, unless some constitutional question exists in the record, the writ of error must be sued out of the Appellate Court. (*People* v. *Harrison,* 397 Ill. 618.) The record does not show that any constitutional question was raised in the municipal court. It is a well-settled rule that

in order to authorize a direct review by this court, such a question must not only be raised in a proper procedural manner in the trial court but must be passed upon and decided by that court. (*People* v. *Cosper,* 405 Ill. 543.) A mere assertion that a constitutional question is involved, or that a constitutional right has been invaded, is insufficient. (*People* v. *Savanna Lodge,* 407 Ill. 227.) Moreover, those which can be inferred from the present assignments of error have heretofore been decided and settled. This court will not entertain jurisdiction where the question has long since been well settled, even though the trial court has ruled thereon. *People* v. *Hord,* 329 Ill. 117.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*