(No. 38123.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* SANDERS J. ZERAVICH, Appellee.

*Opinion filed January 22, 1964.*

DAILY, J., dissenting.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Sanders Jack Zeravich, was indicted for burglary and theft in the criminal court of Cook County. His pre-trial motion to suppress certain evidence, on the ground that it was the product of an illegal search, was sustained, and the People have appealed directly to this court. (Ill. Rev. Stat. 1961, chap. 38, par. 747.) A construction of the constitution is involved. *People* v. *Williams*, 27 Ill.2d 542.

The only witness at the hearing on the motion to suppress was officer Robert Loftus of the River Forest Police Department. He testified that he was on patrol duty in a police car at 4:50 A.M. on January 23, 1963. The temperature was 15 degrees below zero and there was snow on the ground. The officers saw the defendant's car leaving a private parking lot behind a building. They stopped the defendant's car and issued a traffic citation to him for operating a motor vehicle with obstructed vision.

The defendant produced his driver's license and evidence of ownership of the vehicle. The officers noticed that he was wearing "grey wash pants, grey jacket" and "canvas soled shoes, with corrugated effect on the soles." They had previously received a police communique which reported "several violations in the surrounding area," and described one or more suspects. One description referred to a "blond-sandy haired" male estimated to be 17 or 18 years old. Another description estimated the height of the suspect at 5 feet 8 or 9 inches tall, his weight at about 160 pounds, and described him as wearing grey clothing and "crepe soled shoes." There is no testimony in the record as to the defendant's height, weight or color of hair, although it appears that he was 34 years of age. The officers searched the defendant at the scene of the arrest and found on his person a sum of money which was the subject of the defendant's motion to suppress.

In *People* v. *Watkins,* 19 Ill.2d 11, we held that every arrest for a traffic violation does not automatically justify a search of the arrested person. But we there pointed out that "[t]he constitution prohibits only unreasonable searches; it permits those that are reasonable. The critical issue in each case must be whether the situation that confronted the officer justified the search. * * * Police officers often must act upon a quick appraisal of the data before them, and the reasonableness of their conduct must be judged on the basis of their responsibility to prevent crime and to catch criminals." 19 Ill.2d 11, 18-19.

In this case it was the duty of the officers to stop the defendant, both for his own protection and for the protection of others using the highways. In the course of ascertaining his identity and his fitness to drive, they saw that his clothing matched that of a person suspected of crimes committed in the vicinity. On the basis of a necessarily quick appraisal of all of the facts known to them, the officers could reasonably conclude that they might be facing not just a traffic law violator, but a dangerous criminal. Under these circumstances it was clearly reasonable for them to search the defendant to insure their own safety, and to foreclose the possibility of an attempted escape. (*People* v. *Watkins,* 19 Ill.2d 11; *People* v. *Faginkrantz,* 21 Ill.2d 75; see also *State* v. *Quintana,* (Ariz. 1962) 376 P.2d 130; *People* v. *Blodgett,* (Cal. 1956) 293 P.2d 57.) Since the search was legal, the motion to suppress should have been denied.

The judgment of the criminal court of Cook County is reversed, and the cause is remanded with directions to overrule the motion to suppress the evidence.

*Reversed and remanded, with directions.*

Mr. JUSTICE DAILY, dissenting:

I dissent to the notion that a "construction of the constitution is involved" so as to give us jurisdiction to entertain the direct appeal. Rather, as the majority opinion dem-

onstrates, all that is involved or decided is a factual question of whether the search here was reasonable or unreasonable.

Both state and Federal constitutions have long since been construed to mean that only unreasonable searches are prohibited thereby and, conversely, that reasonable searches are permitted. This construction is well established and no longer debatable. Consistent with our practice in the past we should not take jurisdiction on direct appeal merely to reannounce established constructions. (*People* v. *Hord,* 329 Ill. 117; *People* v. *Williams,* 3 Ill.2d 79.) In like manner we should not, under the guise of construing the constitution, permit our jurisdiction to be invoked merely to determine the factual question as to whether a search was or was not unreasonable under the circumstances of a particular case.