(No. 37133—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *v.* JAMES TURNER, Plaintiff in Error.

*Opinion filed September 29, 1964.*

DAVID F. SMITH, of Loves Park, appointed by the court, for plaintiff in error.

· WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM R. NASH, State's Attorney, of Rockford, (FRED G. LEACH, Assistant Attorney General, and JOHN W. NIELSEN, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

James Turner was tried by jury in the circuit court of Winnebago County and found guilty of murder. The sentence as fixed by the jury is life imprisonment. Before considering the case on the merits we are obliged to determine whether we have jurisdiction. In criminal cases our jurisdiction on direct appeal is limited to a review of cases involving a question arising under the constitution of the United States or this State and "appeals * * * by the defendant from sentence in capital cases." Const., art. VI, sec. 5.

The defendant claims that the court erred in denying a motion for a continuance, in admitting in evidence an oral confession where the names of the witnesses had not been furnished to the defendant, and in instructing the jury. It is claimed that these alleged errors deprived the defendant of due process of law. In order for this court to have jurisdiction on the ground that a constitutional question is involved there must be something more than a mere claim that such a question is presented. (*People* v. *Williams,* 3 Ill.2d 79.) Without expressing an opinion on the merits of the defendant's claims, we find that they present no substantial constitutional question.

This leaves for consideration the question of whether this case is an appeal from a sentence in a capital case. The term "capital case" is generally defined as a case in which a death penalty may, but need not necessarily, be inflicted. (Black's Law Dictionary, Fourth ed., p. 263.) It is in this sense that the term is used when dealing with the rights of an accused prior to a judgment of conviction, such as the

right to bail, (Ill. Rev. Stat. 1961, chap. 38, sec. 609) or right to counsel, (Ill. Rev. Stat. 1961, chap. 38, sec. 730). By their very nature such provisions must refer to the possible penalty for the offense, and not the actual penalty, for they are operative before the actual penalty is known. The question we must answer is whether, after a sentence other than death is imposed, a case which was originally considered capital remains a "capital case" within the meaning of the constitution.

The courts of other jurisdictions have considered this general question and their decisions have not been consistent. (See, *e.g., Ex parte Berry,* 198 Wash. 317, 88 P.2d 427, where numerous authorities are collected.) We have considered these cases and are of the opinion that none of them are squarely in point here, because of the varying statutory and constitutional provisions involved in them.

Our constitution provides for an appeal to this court "from *sentence* in capital cases." Had the drafters of the constitution intended that we have jurisdiction on appeal in all capital cases it would not have been necessary to specify that the appeal was from the sentence. It is our duty to construe the constitution so as to effectuate the intent of its drafters and we think it is clear that, by providing that the appeal was from the sentence in a capital case, it was intended that an appeal to this court would lie only where a sentence of capital punishment was imposed. Since no such sentence was fixed here, we have no jurisdiction and the cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*