(No. 36706.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SAMUEL A. THOMAS, Plaintiff in Error.

*Opinion filed September 29, 1964.*

JERROLD M. FACKTOR, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Samuel A. Thomas was convicted of the crime of unlawful possession of narcotic drugs in a bench trial in the criminal court of Cook County and was sentenced to the penitentiary for a term of 5 to 10 years. A constitutional question gives us jurisdiction to review the conviction.

It is first argued that the trial court erred in admitting evidence of possession of the narcotics by defendant because this evidence was obtained as a result of an illegal search and seizure by the police. There is sufficient evidence in the record from which the trial judge could find that defendant's automobile was stopped by the police officers at 5 :oo A.M. because one or both of his tail lights were not operating; that when asked for his driver's license, he said he did not have one and he had just gotten out of jail; that the police then arrested him and searched his person and the automobile; and that the search produced several packages of narcotics from defendant's person and one package from under the front seat of the car.

We have held that a lawful arrest for a minor traffic violation such as parking too far from the curb, will not, *ipso facto*, authorize a search of the driver and vehicle. (*People v. Mayo,* 19 Ill.2d 136.) This holding is based on the proposition that a search incident to an arrest is authorized only when it is reasonably necessary to protect the arresting officer from attack, to prevent the prisoner from escaping or to discover fruits of the crime and that none of these conditions is present in the case of most traffic violations. (*People v. Watkins,* 19 Ill.2d 11). When, however, the circumstances reasonably indicate that the police may be dealing not with the ordinary traffic violator but with a criminal, then a search of the driver and his vehicle is authorized in order to insure the safety of the police officers and to prevent an escape of the might-be criminal. *People v. Zeravich,* 30 Ill.2d 275.

The evidence here is sufficient to show that defendant

was operating his vehicle at 5:00 A.M. without proper lights. The officers while ascertaining his identity and fitness to drive, learned that he did not have a driver's license and that he had just been released from jail. We believe the trial judge properly ruled that the police officers were justified in searching defendant and the area under the front seat for their own protection before taking him to the police station for the traffic offenses. *People* v. *Watkins,* 19 Ill.2d 11; *People* v. *Zeravich,* 30 Ill.2d 275.

Defendant also argues that the People failed to prove his knowledge of possession of the narcotics. Detectives Pizzello and Hurley testified that they searched defendant and found seven envelopes in his coat pocket and one envelope under the front seat of the car. These envelopes were found to contain marijuana. Defendant denied that the officers took the envelopes from his pocket and denied knowledge of the envelope found under the front seat. The People's evidence, which the trial judge chose to believe, proves defendant's guilt beyond a reasonable doubt and we see no reason for disturbing his finding of guilt.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*