**People of the State of Illinois, Plaintiff-Appellee, v. Walter T. Gardner, Defendant-Appellant.**

**Gen. No. 49,612.**

First District, First Division.

August 1, 1966.

David G. Burden, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, James Klein and Robert Karton, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

After a jury trial, defendant was found guilty of the offense of unlawful possession of a narcotic drug. He was sentenced to the penitentiary for a term of 5 to 10 years. On appeal, defendant's sole contention is that it was error to deny his motion to quash the indictment.

On August 9, 1963, defendant, after a short chase, was stopped by police officers for a traffic violation. He had no driver's license and showed the officers "a handful of tickets." He was then arrested and his car searched. A packet of white powder was found under the floor mat on the driver's side. During the trial, a chemist testified that the packet contained "codeine hydrochloride —a narcotic drug."

The indictment charged that defendant "committed the offense of possession of a narcotic drug, in that he knowingly possessed and had under his control, otherwise than as authorized in the Uniform Narcotic Drug Act of said State of Illinois then in force and effect, a quantity, (the exact quantity of which is unknown to said Grand Jurors,) of a certain narcotic drug, to wit: opium that is to say, codeine, hydrocho*l*ride [Emphasis supplied] contrary to the Statute, . . . ."

That part of the Uniform Narcotic Drug Act in question states:

"Ch 38, § 22–2 (r) (4)
" 'Opium' includes morphine, codeine, and heroin, and any compound, manufacture, salt, derivative,

mixture, or preparation of opium, but does not include apomorphine or any of its salts."

Prior to trial, the court denied defendant's motion to quash filed January 8, 1964. The substance of defendant's motion was that the indictment did not state an offense. Its allegations included "that subject Indictment does not charge a crime within the provisions of chapter 38, article 22, paragraph 2–16, of the Illinois Revised Statutes, Smith-Hurd Edition, 1957, in that there is no listing on the words 'codeine, hydroch*ol*ride' [Emphasis supplied] listed under the definition of narcotic drugs."

At the hearing of the motion, defendant's counsel argued that there was no such terminology as "hydrocholride" in the statute, and "the way it is drawn, with the comma after the word codeine, . . . I don't think anybody can know, that they are talking about either codeine, and this 'hydrocholride' is a derivative thereof, or they are talking about two different types of narcotics. Looking through the statute, as I mentioned to the Court, I find nothing in here at all that talks about the type of narcotic known as 'hydrocholride.' "

In denying the motion, the court stated, "But even if the word hydrochloride, properly spelled, were stricken, and the fact that the State is alleging that he had a derivative of opium in some form, to wit, codeine, which is covered in the statute—now, the fact that there is some diluent or some altered form of codeine, it is still codeine. And the fact that there is a comma after codeine, the State is intending to show that some form of codeine was in this man's possession."

On appeal, defendant argues that "the Court took it upon itself to determine whether or not codeine hydrochloride was or was not an excluded 'apomorphine or any of its salts.' Nowhere in the record does the Court's qualifications as a chemical expert appear. Further, the Court did not base its ruling on Defendant's motion

on any evidence before it relevant to the point of whether codeine hydrochloride was or was not within the purview of the statute." In support, defendant cites Hays v. Place, 350 Ill App 504, 113 NE2d 178 (1953), which we find not to be in point.

■ ■ Defendant's motion to quash (motion to dismiss charge) presented an issue of law, and it was not necessary nor would it have been proper on the hearing of that motion for the trial court to hear evidence on the question of whether the words "codeine" or "codeine, hydrochloride" stated an offense "within the purview of the statute." The terms of the statute and the terms of the indictment were the guidelines to be used by the court. See § 114–1(8), Motion to Dismiss Charge, Ill Rev Stats 1963, c 38; People v. Petropoulos, 59 Ill App2d 298, 208 NE2d 323 (1965).

■ Whether the packet found in defendant's possession contained a narcotic drug was a question of fact and as such involved a matter of proof at the trial and not at the hearing of the motion to dismiss.

■ The indictment described the narcotic drug as "codeine, hydrocholride," and the statute specifically includes "codeine"; therefore, the charge as stated was within the statutory definition. The addition of the word "hydrocholride," obviously a misspelling of "hydrochloride," presumably was intended to modify "codeine," and this term was used during the trial by the chemist in describing the contents of the packet as "codeine hydrochloride—a narcotic drug." Granting "hydrochloride" was misspelled, it is not possible that defendant did not plainly understand the nature of the offense with which he was charged, "possession of a narcotic drug," so he was in no way prejudiced by the defective pleading. See § 111–5 (Formal Defects in a Charge), Ill Rev Stats 1963, c 38, effective January 1, 1964; People v. Wood, 318 Ill 388, 149 NE 273 (1925).

■ Furthermore, it was not necessary that the indictment negative the exceptions contained in the statute. We so hold, even though there was no statutory provision to that effect between 1957 and 1964. See § 192.21 repealed 1957, and § 111–5(e) effective January 1, 1964, Ill Rev Stats c 38.

For the reasons given, we find without merit defendant's contention that his motion to quash the indictment should have been sustained. Therefore, the judgment of the Criminal Division of the Circuit Court of Cook County is affirmed.

Affirmed.

KLUCZYNSKI, P. J. and BURMAN, J., concur.