THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* M. C. SIMMONS, Defendant-Appellant.

(No. 69-104;

Second District—December 2, 1970.

John Beynon, Public Defender, of Rockford, (John F. McNamara, of Defender Project, of counsel,) for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (Ronald T. Wade, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

After a bench trial, the defendant, M. C. Simmons, was found guilty of armed robbery and sentenced to the penitentiary for a term of three to seven years.

The relevant facts at trial disclose that at approximately 3:30 A.M. on May 29, 1968, a Martin Oil station in Rockford, Illinois was robbed by two men. The attendant on duty at the time testified that two male negroes entered the station; that one of them, whom he identified as the defendant, grabbed him from behind and stuck a sawed-off shotgun in his back; that they demanded money and he gave them eleven one dollar bills; that they took his money changer and a bank bag containing a ten dollar check. The attendant further testified that he had an opportunity to observe the defendant and that both men were wearing leather jackets and straw hats.

Further testimony revealed that the robbers left the scene of the crime on foot; that the attendant notified the police; that information of the robbery was broadcasted on the police radio, and that the broadcast described the clothing the robbers were wearing, specifically, leather jackets and straw hats. Rockford police officers, Miller and Erickson, arrived immediately in the area and began looking for the fleeing subjects.

Approximately four blocks from the station, the two officers observed a single vehicle moving. They proceeded to follow it and, upon noticing that the vehicle was missing a license plate and rear light, the officers stopped the vehicle.

The driver alighted from the car, was asked for his driver's license and replied that he did not have one. He was then placed under arrest for failure to have a driver's license. Officer Erickson testified that he then noticed that the defendant, who was seated in the middle of the front seat, was wearing a brown leather-type jacket. He also testified that, from his vantage point outside the vehicle; he observed two straw hats "in the front of the car"; that he then ordered the defendant and the other three occupants out of the car and proceeded to conduct a search

of the vehicle. Among other items, the officer found a bank bag and a coin changer under the front seat. These items were later identified by the attendant at trial as objects taken during the robbery.

The defendant was placed in the squad car and taken to the gas station where he was identified by the attendant as one of the participants in the robbery. The defendant was then taken to the police station where a search of his person revealed eleven one dollar bills concealed in his undershorts.

Shortly thereafter, a sawed-off shotgun was found near the vicinity of the crime and was identified by the attendant as the weapon used in the robbery.

The defendant took the stand in his own defense and testified that he participated in the robbery but denied using a weapon in the incident.

On appeal, defendant contends that his conviction should be reversed because a) the court erred in admitting into evidence articles seized by the officers from the vehicle in which he was a passenger at the time of his arrest and b) the trial court erred in admitting into evidence identification testimony by the attendant.

Defendant maintains that there was no probable cause to support an arrest or search of the vehicle, citing *People v. Reed,* (1967), 37 Ill.2d 91. There the defendant was stopped by police officers for the sole reason that his rear license plate was missing. The defendant produced valid identification for both himself and his vehicle. During interrogation, the defendant acted "nervous" so the officers proceeded to search the vehicle. They found heroin which was later introduced at his trial for unlawful possession of narcotics. The Court held that an arrest for a traffic violation justifies a search of the vehicle where circumstances reasonably indicate that the police are dealing not with an ordinary traffic violator, but a criminal. The Court then ruled that the "nervous" behavior of the defendant did not justify the search of his vehicle.

In the instant case the officers, having knowledge of the recent robbery in the vicinity and having a description of the suspects, arrived in the area shortly its commission. Stopping the singular vehicle in the area for a traffic violation, the officers noticed that another occupant of the car fitted the description of the robbery suspect and that there were two straw hats (mentioned in the police broadcast) in the front of the vehicle. These observations were made from outside the vehicle. Under the circumstances it would seem that there was reasonable indication to the police that they were dealing with more than a minor traffic offense. We therefore find the *Reed* case not controlling.

■■ Rather, the above elements and the necessarily quick appraisal of

the facts known to him, tended to give rise to reasonable cause for the officer to believe that more serious offenses had been committed by the defendant. (*People v. Carter* (1968), 38 Ill.2d 496, 500-501; *The People v. Zeravich* (1964), 30 Ill.2d 275, 277; *People v. Gilyard,* (1970), 124 Ill.App.2d 95. Under such circumstances the search of the vehicle, incidental to defendant's arrest, was proper and justified for the purpose of discovering the fruits of the crime or instrumentalities used in the commission of the offense. Ill. Rev. Stat. 1967, ch. 38, par. 108—1. Also see *Chambers v. Maroney* (1970), 399 U.S. 42, 26 L.Ed.2d 419, 90 S.Ct. 1975.

Defendant maintains that since his arrest and detention were unlawful, evidence obtained as a result of that detention must also be deemed unlawful and inadmissible. Having ruled that the arrest and search were lawful and that probable cause was present to justify the search of the vehicle and the defendant, we need not further cover this contention.

The argument relative to his last contention is that "there is no showing that the in-court identification of the defendant by the victim was not induced by his original viewing of the defendant during the unlawful showup at the service station following the defendant's arrest. In the absence of such a showing, it must be presumed that the in-court identification was so tainted and should have been stricken upon objection by the defense. *United States v. Wade,* 388 U.S. 218, 18 L.Ed.2d 1149."

Our Supreme Court has construed the *Wade* decision to be applicable only to a post-indictment confrontation, which is not the situation in the case at bar. *People v. Palmer* (1969), 41 Ill.2d 571, 572.

■■■ Additionally, the totality of the circumstances surrounding the confrontation between the defendant and the attendant do not indicate that the post arrest identification was so unnecessarily suggestive and conducive to irreparable mistaken identification as to amount to a denial of due process. *Stovall v. Denno* (1967), 388 U.S. 293, 18 L.Ed.2d 1199, 1206, 87 S.Ct. 1967; *People v. Palmer, supra,* 573-574; *People v. Speck* (1968), 41 Ill.2d 177, 192-193. Within ten to fifteen minutes of the robbery, the defendant was returned to the scene of the crime. The attendant's identification of the defendant was immediate and positive. The victim had sufficient opportunity to observe the defendant at the time of the robbery. There is no showing in the record that the police officers improperly induced the identification. While the practice of showing suspects singly to persons for the purpose of identification is not to be condoned, there was no violation of due process in the instant case. *People v. Young* (1970), (Ill.2d), 263 N.E.2d 72, 74-75; *People v. Triplett* (1970) (Ill.2d), 263 N.E.2d 24, 26-27 and *People v. McMath* (1970), 45 Ill.2d 33, 36-37.

For the foregoing reason, we find no error in the judgment appealed and, therefore, it will be affirmed.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.