THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ETHEL MARIE MARIN, Defendant-Appellant.

(No. 72-150; ▮▮▮▮▮▮▮▮▮▮▮)

Second District—January 8, 1973.

Norman Nelson, Jr., of Chicago, for appellant.

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The only question presented in this case is whether aggravated kidnapping is a capital offense and therefore nonprobationable where, following a jury trial a sentence other than death is imposed and on appeal, a reversal and remandment for a new trial, the defendant pleads guilty after acknowledging upon admonishment that the court could impose a death sentence.

The defendant was indicted for aggravated kidnapping. The jury, which was not qualified to recommend the death penalty, found her guilty and in March 1969 she was sentenced to a term of 15 to 30 years in the penitentiary. She and a co-defendant, her husband, appealed to the Illinois Supreme Court which, in January 1971, reversed and remanded the case for a new trial. *People v. Marin,* 48 Ill.2d 205.

In November 1971 the defendant withdrew her plea of not guilty and entered a plea of guilty. The trial court inquired as to the voluntariness of her plea and admonished her as to its consequences, including "a possibility of a death sentence". After being assured that she understood these consequences and possibility, the trial court accepted her plea of guilty, found her guilty of the offense of aggravated kidnapping, and entered judgment on the finding.

The defendant then applied for probation and the court continued the matter for pre-sentence reports and for argument on the question

whether the probation was possible. In January 1972, after hearing argument, the trial court ruled "that this is still a capital" case. While the State recommended imprisonment for a term of six to seven years, the trial court imposed sentence of a term of two years to two years and a day with credit for time served and allowed the $25,000 bond set previously to stand as her appeal bond.

Section 117—1 of the Code of Criminal Procedure of 1963, as amended (Ill. Rev. Stat. 1971, ch. 38, par. 117—1), permits admittance to probation of persons found guilty of any offenses (under certain conditions) "except a capital offense" and certain others.[1] It therefore becomes necessary to determine the meaning of the phrase "a capital offense".

The Code of Criminal Procedure was the product of a joint committee of the Illinois State and Chicago Bar Associations, which was enacted in 1963, effective January 1, 1964. The Committee Comments under Section 117—1, which in pertinent part is similar to the statute applicable here, are as follows:

"* * * The crimes excepted from probation are reduced to capital offenses, the sale of narcotics, and rape. Eliminated are arson, incest, perjury or subornation of perjury and kidnaping (*although aggravated kidnaping for ransom is still included because it is a capital offense under Section 10—2(a)(1) of the Criminal Code of 1961*). (See Ill. Rev. Stat. 1961, ch. 38, sec. 785.) * * * The Committee felt that *except for the universally heinous crimes of treason, murder, kidnaping for ransom (the three capital offenses in Illinois)*, sale of narcotics and forcible rape, probation should be left to the sound discretion of the trial court which is in a position to weigh the interests of society and the individual in each case." (Emphasis supplied.)

The obvious intention is to rule out the possibility of probation for the "heinous crime" of "kidnaping for ransom". Its "heinous" nature is the reason it was included within the "capital offense" exception in Section 117—1 regardless of the sentence eventually imposed. In this connection it may be relevant to observe the definition of "infamous crimes" in Section 124—1 of the Code (Ill. Rev. Stat. 1971, ch. 38, par. 124—1), which includes "kidnaping or aggravated kidnaping" in the list of infamous crimes.

Thus, it is the nature of the offense whether it is called "capital", "heinous" or "infamous" of which the defendant was convicted and not the potential punishment to be imposed therefor which the Legislature

---

[1] While there are two amendatory acts amending Section 117—1, namely, P.A. 77-768, sec. 1, and P.A. 77-1425, sec. 1, the differences between them have no relevance to this case since they both "except a capital offense."

considered in determining whether a defendant may be admitted to probation.

Defendant relies primarily on *State of North Carolina v. Pearce*, 395 U.S. 711. The *Pearce* case is inapposite. Its holding is that, whenever a judge imposes a more severe sentence upon retrial than was originally imposed, his reasons for doing so must affirmatively appear. In the instant case the sentence imposed upon re-trial was two years to two years and a day, contrasted with the sentence originally imposed of 15 to 30 years.

The trial court's ruling, in obedience to the obvious import of Section 117—1 that the defendant could not be admitted to probation because aggravated kidnapping was intended to be excepted from offenses which are probationable, certainly cannot be construed as the imposition of a more severe sentence than was imposed at the first trial.

*People v. Turner*, 31 Ill.2d 197, cited by the defendant, merely held that in construing the provision for direct appeals to the Illinois Supreme Court in capital cases, the Supreme Court would only hear those appeals in which the death *sentence* was imposed. The other cases cited by defendant are likewise inapplicable. Therefore the judgment of the trial court is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.