THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RANDY M. TROUTT, Defendant-Appellant.

Fifth District   No. 76-444

Opinion filed July 13, 1977.

Dennis J. Hogan, of Murphysboro, for appellant.

James E. Dull, State's Attorney, of Mt. Vernon (Bruce D. Irish and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant-Appellant Randy M. Troutt was convicted in the Circuit Court of Jefferson County of the unlawful possession of phencyclidine (PCP), a controlled substance. On his appeal, we find it necessary to decide only whether the information by which he was prosecuted was sufficient.

The information, filed March 30, 1976, charged defendant with unlawful possession of less than 30 grams of a controlled substance, amphetamine. (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(b).) The information was signed by Donald E. Irvin, the State's attorney, and sworn to before a notary public by Irvin, as follows: "The undersigned, on oath, says that the facts set forth in the foregoing Information are true in substance and matter of fact." Defendant was arrested that same day, March 30, and held in the Jefferson County jail until April 5, when he was released on bail.

On April 7 defendant appeared, represented by the public defender, for preliminary hearing. The court read the information and asked defendant if he understood the charge, to which defendant answered in the affirmative. The assistant State's attorney then moved to amend the

information because chemical analysis at the crime laboratory in DeSoto had revealed that the substance was not amphetamine, as indicated by the "field test," but phencyclidine. He thus requested that the information be amended to read: "* * * in that said Randy Troutt did knowingly and unlawfully have in his possession less than *300* grams of a substance containing *phencyclidine* * * *." (Emphasis added.) The assistant State's attorney stated that the amendment would not change the statutory provision alleged to have been violated: the information would still charge a violation of section 402(b) of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(b)), a Class 3 felony. The assistant State's attorney further argued in support of the amendment that the "field test" would not indicate whether the substance was amphetamine or phencyclidine, only that it was a controlled substance. He apologized for any surprise but argued that defendant was not prejudiced by the amendment.

The public defender objected to the oral motion to amend. He stated that he was surprised by the motion, and argued that the effect of the amendment was to change the nature of the substance and that defendant had been arrested and jailed on the basis of an inaccurate field test. The public defender requested that the court continue the preliminary hearing, require the State's attorney to file a written motion for amendment and permit the public defender to respond to the written motion. After the assistant State's attorney told the court that nothing would prevent the State from dismissing the information and filing a new charge, the court overruled the defense objections and permitted the information to be amended by interlineation. The court itself made the changes in the body of the information, which was not reverified.

After the jury returned a verdict of guilty of unlawful possession of phencyclidine, defendant filed post-trial motions, which included a motion in arrest of judgment pursuant to section 116—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 116—2), alleging, *inter alia*, that defendant was prosecuted on an unverified information.

■■ Defendant has not argued this issue extensively on appeal, although he did mention in his brief and at oral argument that "the corpus delicti underwent a material amendment without any reverification." We think that by objecting to the amendment at the preliminary hearing and by raising and arguing the issue in his post-trial motion in arrest of judgment, defendant has sufficiently preserved the issue for purposes of review.

■■ Our constitution guarantees to every person accused of a crime the right to demand the nature and cause of the accusation against him and to have a copy of the writing accusing him of committing a crime. (Ill. Const. 1970, art. I, §8; *cf.* U.S. Const., amend. VI.) This right of long

standing "is no empty technicality, but a substantial provision that may not be ignored." (*People v. Green*, 368 Ill. 242, 254, 13 N.E.2d 278, 284 (1938).) Section 111—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—3) was enacted to insure compliance with this constitutional requirement (see *People v. Chitwood*, 42 Ill. App. 3d 680, 681-82, 356 N.E.2d 404, 406-07 (5th Dist. 1976)), and it has been held that a charge which conforms to that section satisfies the constitutional guarantee. *People v. Tammen*, 40 Ill. 2d 76, 237 N.E.2d 517 (1968); *People v. Billingsley*, 67 Ill. App. 2d 292, 213 N.E.2d 765 (2d Dist. 1966).

Section 111—3 reads in pertinent part as follows:

"(a) A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged;

(4) Stating the date and county of the offense as definitely as can be done; and

(5) Stating the name of the accused, if known * * *.

(b) * * * [A]n information shall be signed by the State's Attorney and sworn to by him or another. * * *"

Compliance with the requirements of section 111—3 is mandatory, not directory only. (*People v. Hall*, 55 Ill. App. 2d 255, 204 N.E.2d 473 (4th Dist. 1965); see also *People v. Gilmore*, 63 Ill. 2d 23, 29, 344 N.E.2d 456, 460 (1976): "we do not approve, and indeed find it difficult to understand, failure to strictly comply with the explicitly stated requirements of section 111—3(a) of the Code of Criminal Procedure"; cf. *People v. Pujoue*, 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440 (1975).) When a complaint, information, or indictment fails to charge an offense in compliance with section 111—3, the trial court is required to grant a timely motion in arrest of judgment. Ill. Rev. Stat. 1975, ch. 38, par. 116—2(b)(1); *People v. Clutts*, 43 Ill. App. 3d 366, 371, 356 N.E.2d 1367, 1371 (5th Dist. 1976); *People v. Stanley*, 42 Ill. App. 3d 99, 355 N.E.2d 582 (1st Dist. 1976).

■■ Section 111—3(b) requires that an information be sworn to, either by the State's attorney or by some other complainant. Although a defendant can waive this right, absent waiver he is entitled to be prosecuted upon an information which states under oath the nature of the offense charged. See *People v. Harding*, 34 Ill. 2d 475, 483, 216 N.E.2d 147, 152 (1966), and cases cited therein.

Here, the original information, which was sworn to by the State's attorney, accused defendant of unlawful possession of a substance containing amphetamine. In executing the verification, the State's attorney represented that this accusation was "true in substance and matter of fact." After the court had read the information to defendant,

and ascertained that he understood the charge, the assistant State's attorney moved to amend the information to accuse possession of an entirely different substance.[1] Despite defendant's objection, the change was made by interlineation.

■■ In *People v. Clarke*, 407 Ill. 353, 358, 95 N.E.2d 425, 428 (1950), the Supreme Court of Illinois, after a review of the authorities, stated the following rule: "if the amendment involves no material change in the averments of the original, the original information is not abandoned and trial may be had upon it as amended, without a renewal of the formalities originally observed." Section 111—5 of the Code of Criminal Procedure has codified the distinction between material and formal defects in a charge, providing that an information "which charges the commission of an offense in accordance with Section 111—3 of this Code shall not be dismissed and may be amended on motion by the State's Attorney or defendant at any time because of formal defects * * *." (Ill. Rev. Stat. 1975, ch. 38, par. 111—5.) The statute goes on to list certain illustrative formal defects; the list is not intended to be exclusive. (*People v. Jones*, 53 Ill. 2d 460, 292 N.E.2d 361 (1973); *People v. Foster*, 32 Ill. App. 3d 1009, 337 N.E.2d 90 (4th Dist. 1975).) "These formal defects should be distinguished from the substantive ones, *e.g.*, failure to charge a crime." (Ill. Ann. Stat., ch. 38, par. 111—5, Committee Comments, at 444 (Smith-Hurd 1970).) Where the defect is fundamental, the information cannot be amended. (*People v. Heard*, 47 Ill. 2d 501, 266 N.E.2d 340 (1970).)

■■ ■ The defect in the original, verified information in the instant case was not a mere miswriting or grammatical error (*People v. Campbell*, 40 Ill. 2d 463, 240 N.E.2d 635 (1968)), or the presence of an unnecessary allegation (*People v. Raby*, 40 Ill. 2d 392, 240 N.E.2d 595 (1968)), or the failure to negative a statutory exception (*People v. Gardner*, 74 Ill. App. 2d 83, 220 N.E.2d 59 (1st Dist. 1966)), or the misstatement of a date (*People v. Turner*, 36 Ill. App. 3d 77, 343 N.E.2d 267 (5th Dist. 1976)). The effect of the amendment was to change the "nature and elements of the offense charged" (Ill. Rev. Stat. 1975, ch. 38, par. 111—3(a)(3)); thus, contrary to the State's representations to the court, the amendment was a material one. "The clear and explicit language of section 111—3 of the Code of Criminal Procedure required that both the statutory provision cited and the nature and elements of the offense charged be set forth." (*People v. Pujoue*, 61 Ill. 2d 335, 338, 335 N.E.2d 437, 439 (1975).) The information should, therefore, have been

---

[1] Despite the assistant State's attorney's suggestion in argument on the post-trial motions that phencyclidine is an amphetamine of some type, and that the effect of the amendment was simply to make the charge "more specific," it appears from a reading of the Controlled Substances Act that the substances are unrelated. (See Ill. Rev. Stat. 1975, ch. 56½, pars. 1206(d) and 1208(c).) Amphetamines have a stimulant effect on the central nervous system, phencyclidine has a depressant effect.

reverified. (*People v. Clarke*, 407 Ill. 353, 95 N.E.2d 425 (1950); *People v. Duyvejonck*, 337 Ill. 636, 169 N.E. 737 (1930); *People v. Zlotnicki*, 246 Ill. 185, 92 N.E. 813 (1910); *People v. Moore*, 21 Ill. App. 2d 9, 157 N.E.2d 94 (2d Dist. 1959); *People v. Campbell*, 251 Ill. App. 425 (4th Dist. 1929).) As the court pointed out in *Village of Willowbrook v. Miller*, 72 Ill. App. 2d 30, 217 N.E.2d 809 (2d Dist. 1966), the verification of a prosecution-commencing document has always been a statutory requirement in Illinois, and where an unverified charge is objected to, it cannot sustain a judgment of conviction.

■■ An information must be verified on the knowledge of the State's attorney or another. As in *People v. Moore*, the amendment in the instant case made the information as amended, which was the basis of defendant's conviction, charge an offense not charged in the original information. Thus, "[u]nder the authorities defendant was not required to answer or plead to the charge preferred against him by the amended information unless it was verified." (21 Ill. App. 3d 9, 15, 157 N.E.2d 94, 98-99.) It is immaterial that, as the State argued, the amendment did not affect the statutory provisions alleged to have been violated, or the possible penalty upon conviction: *all* of the requirements of section 111—3 must be complied with. (*People v. Pujoue*.) Here, defendant was convicted over objection on the basis of an information which was not sworn to. The court below erred, therefore, in denying defendant's motion in arrest of judgment, and its decision must be reversed.

■■ Because of the possibility of a new trial (see Ill. Rev. Stat. 1975, ch. 38, par. 3—7(c)), we will briefly address the question of the legality of the search of defendant's person which resulted in the seizure of the phencyclidine. We must note that this question, which is obviously the most important substantive issue involved in the case, was both inadequately raised and preserved for review. At the preliminary hearing, after the presentation of the State's evidence, defense counsel argued that the substance had been illegally seized and therefore should not be considered by the court in determining whether or not probable cause had been shown. The court found probable cause, but did not rule on the legality of the search. Defendant never filed a written motion to suppress the evidence, as required by section 114—12(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 114—12(b)). Instead, at the beginning of trial, after the jury was sworn and opening statements were made, defense counsel in chambers moved to exclude the testimony of the arresting officer as to the seizure of the substance on the ground that the search of defendant was illegal. No evidence was heard on the motion; instead, defense counsel paraphrased the officer's testimony from the transcript of the preliminary hearing. After hearing arguments of counsel, the court (a different judge from the one who presided over the

preliminary hearing) denied the motion. The post-trial motion filed by the public defender rather inartfully attempted to raise as error the denial of the motion to suppress. Similarly, the appellate brief of retained counsel barely touched the issue.

■■ The search of defendant's person was conducted after what may or may not have been a custodial arrest for violations of the traffic laws. In several cases, the Illinois Supreme Court has held that after a traffic arrest, the arresting officer may conduct a search only if he reasonably concludes that he is dealing with someone other than an ordinary traffic offender. (See, *e.g., People v. Reed,* 37 Ill. 2d 91, 227 N.E.2d 69 (1967); *People v. Thomas,* 31 Ill. 2d 212, 201 N.E.2d 413 (1964); *People v. Zeravich,* 30 Ill. 2d 275, 195 N.E.2d 612 (1964); *People v. Watkins,* 19 Ill. 2d 11, 166 N.E.2d 433 (1960).) These cases were all decided prior to *United States v. Robinson,* 414 U.S. 218, 38 L. Ed. 2d 427, 94 S. Ct. 467, (1973), and *Gustafson v. Florida,* 414 U.S. 260, 38 L. Ed. 2d 456, 94 S. Ct. 488 (1973), in which the United States Supreme Court held that a complete search of the person is permissible under the Fourth Amendment after a valid "custodial" arrest, even if the arrest is for a mere violation of the traffic laws. The Supreme Court also indicated that an arresting officer is entitled to open and examine the contents of any objects discovered in the search. Having already held that defendant's conviction must be reversed, we need not decide whether the search of his person was permissible.

The decision of the Circuit Court of Jefferson County is reversed.

Reversed.

JONES and G. MORAN, JJ., concur.